T.C. Memo. 1997-521

UNITED STATES TAX COURT

STEVEN R. GOINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12212-95.                    November 18, 1997.

Steven R. Goins, pro se.

<u>Edwina L. Charlemagne</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's Federal
income tax for the year 1989 in the amount of $1,849, an addition
to tax in the amount of $241 pursuant to section 6651(a)(1), and
an addition to tax of $58 pursuant to section 6654.

_____

[1]All section references are to the Internal Revenue Code in
effect for the taxable year in issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner had unreported income; (2) whether petitioner failed to file a timely Federal income tax return; and (3) whether petitioner underpaid his estimated tax for the year.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Greensboro, North Carolina, at the time his petition was filed.

Petitioner did not file his Federal income tax return for the taxable year 1989.

Steven R. Goins (petitioner) is in the business of setting tile and installing floor coverings. During 1989, petitioner was an employee of three different floor covering companies: Marion Tile, Inc., Brisson Flooring, Inc., and Carolina Acoustical & Flooring, Inc. (Carolina Acoustical). Marion Tile, Inc. and Brisson Flooring, Inc. treated petitioner as an employee, issuing him a Form W-2 and withholding Federal income tax and Social Security tax from his paycheck. Carolina Acoustical treated petitioner as an independent contractor, issuing him a Form 1099 and making no tax withholdings.

In August 1990, the U.S. Department of Labor determined that Carolina Acoustical owed four individuals back wages for a

6-month period in 1989. One of these individuals was petitioner, who, it was determined, was owed $1,078.99 in overtime pay. Because Carolina Acoustical considered petitioner an independent contractor and not an employee of the company, it did not agree with the Department of Labor that petitioner was entitled to the back wages. Carolina Acoustical did not pay petitioner any additional money. The other three individuals, all of whom were considered regular employees of the company, were paid back wages in accord with the Department of Labor's determination.

Following Carolina Acoustical's denial of payment, petitioner received a letter from the Department of Labor's Wage and Hour Division in which petitioner was advised that because Carolina Acoustical, d.b.a. The Tile Shop, had not agreed to pay petitioner the $1,078.99, he would need to bring a private suit to recover the money. The letter stated: "we can take no further action to secure payment of this money to you". The burden rested with petitioner to collect the back wages.

Petitioner's Form 1099 for taxable year 1989 reported nonemployee compensation from Carolina Acoustical in the amount of $11,919.17. Although Carolina Acoustical made deductions from petitioner's weekly paychecks for items such as workmen's compensation insurance, gasoline, wage and petty cash advances, and loan repayments, the Form 1099 indicated that no Federal income tax had been withheld for 1989. Petitioner's Forms W-2

from Marion Tile, Inc. and Brisson Flooring, Inc. reflected Federal income tax withholdings in the amounts of $58 and $826.89 respectively.

Petitioner never filed a Federal income tax return for 1989. He contends that if Carolina Acoustical had issued him a Form W-2 instead of Form 1099, he would have filed a timely return and paid his tax liability. He expressed concern over not receiving a Form W-2 to Government officials at the Internal Revenue Service (IRS), and they advised him to file a return using his Form 1099. Despite this advice, petitioner waited for his Form W-2, believing the Form 1099 was a mere "formality".

Upon examination, respondent determined a deficiency in petitioner's Federal income tax of $1,849. In calculating taxable income, respondent allowed petitioner to deduct payments for workmen's compensation insurance, gasoline expenses, and van rental charges as ordinary and necessary business expenses pursuant to section 162(a).

Respondent determined, however, that miscellaneous itemized deductions should be limited by the 2-percent floor as prescribed by section 67(a) and that petitioner is not entitled to deduct loan and cash advance repayments. Respondent also imposed a section 6651 delinquency addition to tax and a section 6654 addition to tax for failure to pay estimated tax, finding that none of the exceptions apply.

OPINION

I.  Employee's Liability for Federal Income Tax

Petitioner asks for relief from his tax liability on two grounds.  First, he requests that Carolina Acoustical be held accountable for the tax on his wages because it improperly characterized him as a nonemployee, thus failing to withhold any tax from his paycheck.  Second, he asks that we apply the withheld back wages of Carolina Acoustical toward his tax liability.

We address the improper characterization argument first.  An employer is required under section 3402(a) to withhold Federal income tax from the wages of its employees.

Section 31(a) allows an employee to take a credit for amounts withheld by his employer and apply it to his tax due.  The taxpayer is entitled to this credit even if the employer has not paid the withholdings over to the Government.  Sec. 1.31-1(a), Income Tax Regs.  But if the employer does not actually withhold the tax, the employee is not entitled to a credit for amounts which should have properly been withheld.  Edwards v. Commissioner, 39 T.C. 78, 84 (1962), affd. on this issue 323 F.2d 751 (9th Cir. 1963).  The failure of an employer to withhold income tax does not relieve the employee's obligation to pay the tax.  Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987).

Even if it were assumed that Carolina Acoustical was petitioner's employer and as such is liable for taxes it failed to withhold from his paycheck, see sec. 3403, petitioner is also liable for the taxes, sec. 61(a). Respondent may collect payment from either the employee or the employer, but the employee remains ultimately liable for his own taxes even though his employer was obligated to withhold. In Edwards v. Commissioner, supra at 84, this Court held as follows:

> had the respondent chosen to do so, he could have attempted to collect from the company the amount which it was required to withhold from the settlement payment. Respondent, however, need not do so, but may assess the tax against the employee upon whom, in the final analysis, the tax burden must fall. The employee of an employer failing to properly withhold amounts for tax is not entitled to a credit for amounts which were never withheld from him.

Petitioner's paychecks are unambiguous as to the amounts and purpose of each "withholding". When workmen's compensation insurance or loan payments were deducted from his weekly wages, a notation was made on the left side of the check that money was being subtracted as "2.10% Wo. Comp. Ins." or deducted as a "Loan Payment". Petitioner was notified of each deduction in this manner, and out of the 29 paychecks received by petitioner in 1989, not one indicated a deduction for Federal income tax.

Because the evidence reflects that no income tax was actually withheld by Carolina Acoustical, petitioner remains ultimately liable for his own taxes, and may not be credited with

amounts which Carolina Acoustical failed to withhold.  Church v. Commissioner, supra.

Petitioner also contends he is entitled to a tax credit for unpaid back wages withheld from him by Carolina Acoustical.  The company's accountant, John L. Tilly, testified that Carolina Acoustical owed four workers overtime back wages but the company only paid the three individuals whom it considered regular employees.  Petitioner did not receive his overtime pay even though he was subsequently determined to have employee status by the IRS.

Petitioner may indeed be entitled to additional income from Carolina Acoustical, but that is an issue between him and the company.  We cannot require the IRS to collect petitioner's income from Carolina Acoustical and apply it toward his tax liability.  In effect, that would be asking respondent to enforce petitioner's private right of action against the company in lieu of collecting the taxes from petitioner directly.

Petitioner has come to court with the burden of proving respondent's determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  He has not met this burden. Petitioner did not prove that respondent's determination that he had unreported income for 1989 is in error.

As far as petitioner's deductions are concerned, respondent concedes that petitioner is entitled to certain deductions as

employee business expenses, such as workmen's compensation insurance payments, and gasoline and van rental expenses. These deductions are, of course, allowable only to the extent they exceed 2 percent of petitioner's adjusted gross income. Sec. 67(a). Respondent asserts, however, that petitioner is also attempting to characterize loan and cash advance repayments as allowable employee business expenses.

Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner has presented no evidence that amounts listed as "loan payments" are deductible as employee business expenses. Respondent's determinations as to petitioner's employee business expense deductions are therefore sustained.

II.  Section 6651 Addition to Tax

Section 6651(a)(1) imposes a 5-percent addition to tax each month for failure to file a tax return. The addition is not to exceed 25 percent in the aggregate. The statute provides a reasonable cause exception where the taxpayer can prove the failure to file was not due to willful neglect. Sec. 6651(a)(1).

Petitioner testified that he did not file a tax return for 1989 because his Form 1099 from Carolina Acoustical designated

him as a nonemployee instead of an employee.  He was confused as to why Carolina Acoustical did not issue him a Form W-2 when he worked for the company.

We do not find petitioner's testimony regarding his failure to file persuasive.  Petitioner received Forms W-2 from both Marion Tile, Inc. and Brisson Flooring, Inc., which together paid petitioner almost $5,500 in income.  At the very least, petitioner knew this $5,500 was reportable income.  Furthermore, petitioner was advised by officials at the IRS that he was to file his return using the Form 1099.  Petitioner has failed to show he had reasonable cause for his failure to file a Federal income tax return for 1989, and is liable for the section 6651(a)(1) addition to tax as determined by respondent.

III. <u>Section 6654 Addition to Tax</u>

Section 6654 provides for an addition to tax when there is an underpayment of estimated tax.  This addition to tax is mandatory and automatic, subject to certain exceptions provided by section 6654(e).  <u>Grosshandler v. Commissioner</u>, 75 T.C. 1 (1980).  Petitioner failed to offer any evidence that he fits within any of the listed exceptions.  Respondent's determination that petitioner is liable for the section 6654 addition to tax is sustained.[2]

---

[2]Respondent has taken into account the $884.89 withheld by Marion Tile, Inc. and Brisson Flooring, Inc. in computing the
(continued...)

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[2](...continued)
sec. 6654 addition to tax. Although these withheld wages do not reduce the amount of his deficiency, respondent will apply this amount toward payment of the deficiency. See secs. 6211, 31(a); sec. 301.6211-1, Proced. & Admin. Regs.