T.C. Memo. 2000-311


UNITED STATES TAX COURT


JAMES E. ANDERSON AND CHERYL J. LATOS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17158-99L.                    Filed October 2, 2000.


James E. Anderson and Cheryl J. Latos, pro sese.

John Aletta, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the 1994 taxable year. As discussed below, we shall grant respondent's motion.

Background

James E. Anderson (petitioner) is employed as a commercial fisherman. The Commissioner determined that petitioner owed

self-employment tax for 1994 and issued to petitioners a statutory notice of deficiency. Petitioners filed a protest with the Internal Revenue Service (IRS) Office of Appeals. Petitioners argued that petitioner was not self-employed but was an employee of the vessel owner or employer. Petitioners argued also that petitioner is not liable for Federal Insurance Contributions Act (FICA) taxes on employees that were not withheld and paid over by his employer.

According to petitioners, the Office of Appeals (Appeals) accepted petitioners' argument that petitioner was an employee for the year and rescinded the notice of deficiency on August 20, 1996. Appeals, however, did not accept petitioners' contention that petitioner is not liable for FICA taxes for 1994. Appeals informed petitioners in a letter dated January 15, 1998, that the IRS intended to assess FICA taxes of $4,806 ($3,757 of employee Social Security tax and $1,049 of medicare tax)[1] under section 3101(a) and (b) for 1994. Petitioners argue, nevertheless, that the Court has jurisdiction over the 1994 tax year because respondent has made an income tax deficiency and not an employment tax assessment against them for the year.

As shown on Form 4340, Certificate of Assessments and

_____

[1]The product of the maximum wages subject to Social Security tax, $60,600, times the 6.2 percent tax rate, plus the product of the amount shown on the return as "Net profit per Fisherman Schedule C", $72,357, times the 1.45 percent medicare tax rate.

Payments,[2] for petitioners for 1994, an assessment of $4,806 was made on February 18, 1998. Petitioners raise various arguments that question the accuracy and effect of the Form 4340, none of which we find has any merit. See Davis v. Commissioner, 115 T.C.__ (2000).

The IRS subsequently informed petitioners that it intended to levy for unpaid Federal taxes for 1994, 1995, 1996 and 1997. Petitioners filed a Form 12153, Request for a Collection Due Process (CDP) Hearing, in response to the notice of intent to levy.

On October 29, 1999, respondent's Connecticut-Rhode Island Appeals Office issued a notice of determination to petitioners stating that it had reviewed the proposed collection action. The notice informed petitioners that it had been determined that all requirements of administrative procedure and applicable law were met with regard to the proposed collection action. The notice explained that because they had already received a hearing with Appeals regarding the 1994 liability, and the only issue raised in the CDP hearing was their liability for the underlying tax, they were precluded from raising the issue in a CDP hearing, citing section 6330(c)(4).

Petitioners were further advised that if they wanted to

---

[2]Form 4340, Certificate of Assessments and Payments, is presumptive proof of a valid assessment. See Davis v. Commissioner, 115 T.C.__ (2000), and cases cited therein.

dispute the determination for 1994 they had 30 days to "file a complaint in the appropriate United States District Court". Petitioners were issued a separate notice of determination for tax years 1995 through 1997. The notice of determination for those years advised them that if they wanted to dispute the determination, "you must file a petition with the United States Tax Court within 30 days from the date of this letter."

Petitioners filed with the Court a petition and an amended petition for redetermination of proposed collection action with respect to both the notice for 1994 as well as the one for 1995 through 1997.

Respondent contends in the motion to dismiss that the Court's jurisdiction to review administrative determinations respecting collection matters is limited to cases where the underlying tax liability is of a kind within the Court's normal deficiency jurisdiction. Respondent asserts that the Court lacks jurisdiction over the FICA taxes at issue in this case, and therefore the Court lacks jurisdiction to review respondent's administrative determination to proceed with collection against petitioners. Petitioners filed papers in opposition to respondent's motion to dismiss.

This matter was called for hearing at the Court's trial session in Hartford, Connecticut. Counsel for respondent appeared at the hearing and argued in support of the motion to

dismiss.  Cheryl J. Latos appeared on behalf of petitioners and submitted a statement under Rule 50(c).

## Discussion

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to pay the same after notice and demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.  Section 6323 generally requires the Commissioner to file a Notice of Federal Tax Lien with the appropriate State office or the local Federal District Court.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Under section 6331(d) the Secretary must provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters.  Sections 6320 and 6330 are effective with respect to collection actions initiated more

than 180 days after July 22, 1998 (January 19, 1999). See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6320(a)(1) requires the Commissioner to provide notice to a person described in section 6321 of the filing of a notice of lien under section 6323. Section 6320(a)(3) and (b) provides that the person described in section 6321 is entitled to notice of and opportunity for an administrative review of the lien in the form of an Appeals Office due process hearing. Section 6330 provides for a similar due process hearing where the Commissioner has proposed to levy on the taxpayer's property. Section 6320(c) adopts the procedures set forth in section 6330(c), (d), and (e) governing the issues that may be raised in a due process hearing and the means for obtaining judicial review of the matter. See Goza v. Commissioner, 114 T.C. 176 (2000).

Section 6330(d) provides for judicial review of an administrative determination respecting a collection matter in pertinent part as follows:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an

incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

In short, section 6330(d) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court where the Court has jurisdiction of the underlying tax liability.

While Congress clearly intended for section 6330 to provide an opportunity for judicial review of collection matters, we have interpreted section 6330(d)(1)(A) and (B) together to mean that Congress did not intend to expand the Court's jurisdiction beyond the types of taxes that the Court may normally consider. Thus, section 6330(d)(1)(A) and (B) provides for Tax Court jurisdiction except where the Court does not normally have jurisdiction over the underlying tax liability. See Moore v. Commissioner, 114 T.C. 171, 175 (2000).

The Tax Court has jurisdiction only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Generally, this jurisdiction is limited to income, estate, gift, and certain excise taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a). See Rule 13; Enochs v. Green, 270 F.2d 558 (5th Cir. 1959); Judd v. Commissioner, 74 T.C. 651, 653 (1980).

In this case respondent is attempting to collect FICA taxes from petitioners based upon a prior assessment. This Court has

no jurisdiction to redetermine FICA taxes imposed on an employee. See <u>Chatterji v. Commissioner</u>, 54 T.C. 1402, 1405 (1970); <u>Ietto v. Commissioner</u>, T.C. Memo. 1996-332. Consistent with section 6330(d)(1), it follows that this Court does not have jurisdiction to review the administrative determination at issue here.

To reflect the foregoing,

<u>An order of dismissal as to the year 1994 will be entered</u>.