T.C. Memo. 2003-112

UNITED STATES TAX COURT

JAMES E. ANDERSON AND CHERYL J. LATOS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17158-99L.          Filed April 21, 2003.

James E. Anderson and Cheryl J. Latos, pro sese.

<u>John Aletta</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent made the determination to proceed
to collect, by levy, petitioners' 1995, 1996, and 1997
outstanding tax liabilities in the amounts of $6,697.43,

$5,285.24, and $3,755.53.[1]  Petitioners, under section 6330,[2]

seek review by this Court of respondent's determination.

The parties' controversy poses the following issues for our

consideration:  (1) Whether we have jurisdiction over

petitioners' 1995 tax liability; (2) if we have jurisdiction over

petitioners' 1995 tax liability, whether petitioners are entitled

to question the merits of the underlying tax liability; (3)

whether petitioners are liable for the 1996 and 1997 income tax

liabilities; and (4) whether there was an abuse of discretion in

respondent's determination to proceed with collection.

FINDINGS OF FACT

Petitioners, James Anderson and Cheryl Latos, were married

and resided in Wood River Junction, Rhode Island, at the time

their petition was filed.  During 1995 through 1997, Mr. Anderson

worked as a fisherman on boats with crews of less than 10 people.

Petitioners filed joint Federal income tax returns for their

1995, 1996, and 1997 tax years.  On each return, the income from

Mr. Anderson's fishing activity was reported on a Schedule C.  No

---

[1] Respondent made a separate determination with respect to
petitioners' 1994 tax liability.  Respondent, however, moved to
dismiss the 1994 year for lack of jurisdiction.  Respondent's
motion was granted for reasons explained in Anderson v.
Commissioner, T.C. Memo. 2000-311.

[2] All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

employment or income tax was withheld from Mr. Anderson's fishing income, and petitioners did not report or pay any self-employment tax for the years in issue. On their 1996 and 1997 tax returns, petitioners reported income tax liabilities in the amounts of $4,924 and $3,491, respectively. Respondent assessed the reported income tax liabilities for petitioners' 1996 and 1997 years on May 26, 1997, and June 8, 1998, respectively.

In a January 30, 1997, statutory notice of deficiency respondent determined that petitioners were liable for 1995 self-employment tax. Respondent also determined that petitioners were entitled to a corresponding deduction for one-half of the self-employment tax liability. Petitioners requested that the January 30, 1997, notice of deficiency be rescinded so they could attempt to resolve the matter at the Internal Revenue Service (IRS), Office of Appeals (Appeals). The January 30, 1997, notice of deficiency was rescinded, but petitioners did not have an Appeals conference. On May 6, 1997, respondent issued a second notice of deficiency determining a 1995 self-employment tax deficiency.

Petitioners also requested Appeals to send their 1995 self-employment tax issue to the national office of the IRS for technical advice, but their request was denied. In a May 27, 1997, letter, responding to the refusal to submit the matter for technical advice, petitioners acknowledged receipt of the May 6, 1997, notice of deficiency for 1995. In a subsequent letter,

respondent reminded petitioners to file a petition in the Tax Court within 90 days of the May 6, 1997, notice of deficiency if they wished to contest the self-employment determination for 1995. Petitioners did not petition this Court, and on September 29, 1997, respondent assessed petitioners' self-employment tax deficiency.

During the period beginning May 1998 through January 1999, petitioners sought the assistance of the problem resolution office (later renamed taxpayer advocate office). In correspondence with that office, petitioners contended that Mr. Anderson was an employee of various boat owners and that each of the boat owners failed to withhold employment tax. In that context, petitioners argued that the boat owners were liable for the Federal Insurance Contributions Act (FICA) tax. On July 23, 1998, Ms. Latos met with a representative of the taxpayer advocate office and respondent's counsel and generally raised questions as to whether Mr. Anderson should be liable for FICA. The representative and respondent's counsel advised her that the employers' failure to withhold did not relieve Mr. Anderson from his liability for the employee's portion (one-half) of the FICA tax. A short time later petitioners were provided a summary of caselaw supporting the advice received at the July 23, 1998, meeting.

On or about January 13, 1999, the problem resolution officer recommended that petitioners' 1995 tax liability should be reduced by $2,525. The problem resolution officer's recommendation was based on his conclusion that Mr. Anderson was an employee (not self-employed) for 1995. On February 8, 1999, petitioners' $9,222.43 assessment for 1995 was reduced to $7,862.29.

On February 3, 1999, respondent issued a Final Notice-- Notice of Intent to Levy and Notice of Your Right To A Hearing to petitioners for their outstanding tax liabilities for 1994 through 1997. Petitioners, in a document received by respondent on March 1, 1999, submitted Form 12153, Request For A Collection Due Process Hearing (petitioners' request for an administrative hearing), along with a letter protesting respondent's attempt to collect the 1994 through 1997 tax liabilities.

On April 30, 1999, respondent's Appeals officer met with Ms. Latos and discussed petitioners' collection case. Ms. Latos contended that petitioners were not liable for the 1996 and 1997 income tax. The Appeals officer explained to petitioners that they had reported the 1996 and 1997 income tax liabilities and had not sought to amend their returns. Ms. Latos also raised the question of whether Mr. Anderson was self-employed or an employee of the boat owners. Petitioners did not request any collection alternatives or raise any other issue. Petitioners argued that

the boat owners were employers who were required to withhold income and FICA tax from Mr. Anderson. In that vein, they argued that the failure of the boat owners to withhold relieved petitioners from any obligation to pay income or FICA tax.

Pursuant to the Appeals officer's suggestion, petitioners submitted Forms 1040X, Amended U.S. Individual Tax Returns, for 1996 and 1997, claiming that they were not liable for the income tax that they had reported on their original 1996 and 1997 returns. The Appeals officer forwarded petitioners' amended 1996 and 1997 tax returns to the examination division where petitioners' 1996 and 1997 original returns were already under examination concerning whether they were liable for self-employment tax. The examination division considered and denied petitioners' claims that they were not liable for the 1996 and 1997 income tax and notified them of the denial by sending petitioners the revenue agent's report, on August 3, 1999.

After review of the problem resolution officer's notes, the Appeals officer concluded that the problem resolution officer had not sufficiently reduced petitioners' 1995 self-employment liability to the amount that Mr. Anderson would have owed if he were an employee. On January 17, 2001, the Appeals officer recommended that petitioners' 1995 tax liability be reduced by an additional $797.58. The $797.58 adjustment was made on March 12, 2001.

The Appeals officer upheld respondent's determination to proceed with collection action on petitioners' outstanding tax liabilities for 1995, 1996 and 1997.  For the 1996 and 1997 tax liabilities, the Appeals officer concurred with the revenue agent's report denying petitioners' claims that they did not owe income tax.  With respect to the 1995 tax liability, the Appeals officer reviewed respondent's computerized transcript of account regarding petitioners' 1995 liability, and the notice of deficiency issued by respondent for 1995.  In so doing, he verified that the 1995 liability was assessed after petitioners' failure to file a timely petition in response to the May 6, 1997, statutory notice.

Concerning respondent's determination to levy with respect to the 1995, 1996, and 1997 tax liabilities, the Appeals officer verified that respondent had complied with statutory procedural requirements, including the issuance of a notice and demand to pay and a notice of intent to levy which contained an explanation of petitioners' right to a hearing.  On October 29, 1999, Appeals issued a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 to petitioners upholding respondent's proposed collection action for taxable years 1995, 1996, and 1997.

OPINION

I.  In General

The issues we consider here arise in connection with respondent's determination to proceed with collection and the procedures under section 6330.  Petitioners sought to contest the underlying merits of the liability for all 3 years under consideration.  Further, they contend that this Court does not have jurisdiction over their 1995 tax year.  Finally, petitioners contend that there was an abuse of discretion in respondent's determination to proceed with collection of the outstanding liabilities.

II.  Jurisdiction Over the 1995 Tax Year

This Court has jurisdiction to review the Commissioner's proposed collection action in lien and levy cases where we have jurisdiction over the underlying tax liability.  Sec. 6330(d); Moore v. Commissioner, 114 T.C. 171, 175 (2000).  Respondent contends that we have jurisdiction over petitioners' 1995 tax year because the underlying liability is based upon respondent's determination of a deficiency in self-employment tax.  This Court's jurisdiction over self-employment tax deficiencies is well established.  See Philbin v. Commissioner, 26 T.C. 1159 (1956).

Conversely, petitioners contend that respondent's self-employment tax determination was converted to employment tax

(FICA) due to certain conduct by respondent's employees. If the 1995 tax had been assessed as the employee's portion of FICA, we would lack subject matter jurisdiction. See Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970); Ietto v. Commissioner, T.C. Memo. 1996-332.

The conduct by respondent's employees referenced by petitioners involves the problem resolution officer's conclusion that Mr. Anderson was an employee and recommendation that the assessment should be reduced. Petitioners also rely on the Appeals officer's acceptance of the problem resolution officer's recommendation and the further reduction to make the correct adjustment to reflect employee status. Petitioners contend that these actions by respondent's employees converted the self-employment tax determination into a case involving employment tax (FICA).

A related issue was raised in regard to petitioners' 1994 tax year. See Anderson v. Commissioner, T.C. Memo. 2000-311. In that regard, respondent determined a deficiency in self-employment tax for 1994, and a notice of deficiency was issued to petitioners. Subsequently, the parties agreed to rescind the notice of deficiency for 1994 and to treat Mr. Anderson as an employee for the 1994 tax year. Ironically, in that case the parties' roles were reversed; i.e., petitioners argued that this Court had jurisdiction, and respondent argued that we did not.

Petitioners had filed their petition in this case with respect to respondent's intent to collect their 1994, 1995, 1996, and 1997 tax liabilities, and respondent moved to dismiss the 1994 year for lack of our jurisdiction.

Regarding the 1994 year, respondent's motion to dismiss was granted. Because the notice of deficiency for 1994, which contained the determination of a deficiency in self-employment tax, had been rescinded, there was no outstanding determination of a self-employment tax. After the 1994 notice was rescinded, petitioners contended that Mr. Anderson was an employee. The Appeals officer agreed and notified petitioners that due to Mr. Anderson's employee status, employment tax would be assessed against them. It was held that petitioners' 1994 tax liability concerned assessed employment tax over which this Court did not have jurisdiction.

Clearly the 1995 year is distinguishable because respondent issued a second notice of deficiency determining a self-employment tax deficiency. The existence of the second notice of deficiency for 1995, upon which the assessment was based due to petitioners' failure to file a petition, roots the subject matter, for purposes of jurisdiction, in self-employment tax. The subsequent agreement or settlement to reduce or recharacterize the outstanding tax liability, although it may be binding on the parties, does not change the character of

respondent's determination of self-employment tax.  There is no statutory or case precedent that would support such a recharacterization under these circumstances.

There is no question that respondent, in response to the problem resolution officer's recommendation, reduced petitioners' 1995 self-employment tax liability to approximately one-half, which is the equivalent of the employee's portion of that tax. Those actions by respondent and the problem resolution officer, however, do not constitute a change in the character of the underlying determination.  It should be noted that respondent may assess employment tax without providing taxpayers with a deficiency notice or an opportunity for a prepayment forum to dispute respondent's employment tax determination.  See sec. 6205(b).

Under certain circumstances, as prescribed in section 7811,[3] the National Taxpayer Advocate may issue a Taxpayer Assistance order which may be binding on the IRS.  Sec. 301.7811-1(c)(2), Proced. & Admin. Regs.  Section 7811(b) provides that such Taxpayer Assistance orders may require the Secretary to release property that has been levied upon or to cease or refrain from

---

[3] The Taxpayer Assistance Order was a concept provided for in the Taxpayer Bill of Rights, Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6230(a), 102 Stat. 3733, which was signed into law on Nov. 10, 1988, and became effective Jan. 1, 1989.  6 Administration, Internal Revenue Manual (CCH), sec. 13.1.1.1.1, at 40903 (2000).

action under certain delineated circumstances.  The orders described in section 7811 and the regulations are remedial in nature and specifically do not cover the Commissioner's determinations with respect to the underlying tax liability. Sec. 301.7811-1(c)(3), Proced. & Admin. Regs.  In this case, the problem resolution officer directed a reduction in petitioners' 1995 tax liability to reflect the amount of tax that would have been due if Mr. Anderson had been an employee.  That direction does not change the fact that the 1995 liability was assessed as self-employment tax under the deficiency procedures.

Accordingly, we hold that at the time of respondent's proposed collection activities, petitioners' "underlying tax liability" was self-employment tax and that we have jurisdiction over the 1995 tax year.

III.  The Underlying Merits of Petitioner's 1995, 1996, and 1997 Tax Liabilities

Before the Commissioner may proceed to levy on a taxpayer's property or right to property, the taxpayer must be notified, in writing, of the Commissioner's intent and of the right to a hearing.  Sec. 6331(d).  Section 6330(c) provides that, if a taxpayer requests a hearing, the conducting officer (1) must verify that the requirements of applicable law and administrative procedures have been met and (2) may consider certain issues, such as spousal defenses, challenges to the appropriateness of

collection actions, and offers of collection alternatives.  See also <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000).

Within 30 days, a taxpayer may appeal the Commissioner's determination to the Tax Court.  Sec. 6330(d)(1).  In appropriate circumstances, the Court may review the Commissioner's determination with respect to the merits of the underlying tax liability and/or with respect to whether there was an abuse of administrative discretion.  Consideration of the merits of the underlying tax liability is permitted where the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  In such situations the Court will review, de novo, the merits of the underlying tax liability. <u>Hoffman v. Commissioner</u>, 119 T.C. 140, 144-145 (2002); <u>Sego v. Commissioner</u>, <u>supra</u>.

Petitioners sought to have the Appeals officer consider and review the merits of the 1995, 1996, and 1997 tax liabilities. The Appeals officer considered the merits of the 1996 and 1997 liabilities, but refused consideration of the 1995 liability.[4] For the 1995 year, petitioners contend that the Appeals officer

---

[4] Even though the Appeals officer refused to consider the merits of the 1995 liability, he did review the file and discovered that the problem resolution officer's recommended reduction of the 1995 liability fell short of its intended goal. In that regard, the Appeals officer initiated action to further reduce petitioners' 1995 liability.

should have considered and reviewed the merits of the underlying 1995 tax liability because (1) respondent did not offer them the opportunity of an Appeals conference after the first notice of deficiency was rescinded and (2) petitioners did not receive the second notice of deficiency for 1995.

At the outset, we must note that petitioners acknowledged receipt of the second notice of deficiency, and respondent's employees specifically cautioned them in writing to petition this Court if they wished to appeal respondent's determination. However, petitioners failed to file a petition in response to the second notice in which respondent determined a self-employment tax deficiency for 1995. Under section 6330(c)(2)(B) petitioners are specifically precluded from questioning the merits of the underlying tax liability for 1995 because they failed to petition from respondent's determination.

Petitioners also contend that respondent should have provided them with Appeals consideration of their 1995 tax year after the issuance and rescission of the first notice. In that regard, respondent agreed to, and, did rescind the first notice of deficiency, and after about 4 months, a second notice was issued. Petitioners sought to meet with Appeals, but the record is silent on whether they were afforded Appeals consideration after rescission of the January notice and issuance of the May notice. Even if respondent had not provided petitioners with an

opportunity for an Appeals conference, such refusal or failure, considered alone, would not have rendered the second notice of deficiency or the ensuing assessment invalid.  See Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); see also Wisniewski v. Commissioner, T.C. Memo. 1989-60.  Accordingly, petitioners are not entitled to question the merits of the underlying tax liability for their 1995 tax year.

With respect to the 1996 and 1997 tax liabilities, petitioners reported income tax liabilities, which respondent was entitled to and did assess.  We surmise that respondent permitted petitioners to question the underlying merits of those liabilities because they did not have that opportunity before the proposed collection activity.  See, e.g., Horn v. Commissioner, T.C. Memo. 2002-207.  When the validity of the underlying tax liability is properly in issue, we review the matter on a de novo basis. See Hoffman v. Commissioner, supra; Sego v. Commissioner, supra.

Petitioners "self-assessed" the 1996 and 1997 tax liabilities by reporting such liabilities on their income tax returns.  The liability arose from Mr. Anderson's reported income from his fishing activity.  The Appeals officer suggested that petitioners file amended tax returns for 1996 and 1997 if they wished to claim that they were not liable for tax.

On their amended income tax returns for taxable years 1996 and 1997, petitioners essentially claimed that they were not liable for taxes due on income received from Mr. Anderson's fishing activity. The Appeals officer forwarded the amended returns to the examination division, and the revenue agent's report was provided to petitioners denying their claim. The revenue agent's report also reflected that petitioners were liable for self-employment tax for 1996 and 1997.[5]

We have reviewed petitioners' arguments as to why they are not taxable on the income or receipts from the fishing activity. Petitioners questioned whether they were liable for the 1996 and 1997 income tax. They base their position on a faulty premise. That premise is that they are not liable for income tax because the boat owners were responsible for withholding such taxes. Petitioners conclude that the boat owners' failure to withhold relieves them from the liability for the income tax.[6] The obvious fallacy in petitioners' reasoning is that the income tax

_____

[5] Subsequent to the filing of the petition in this case, a notice of deficiency was issued to petitioners. That notice contained respondent's determination of a self-employment tax deficiency for petitioners' 1996 and 1997 tax year. A petition was filed by petitioners, and that case is pending before another division of this Court.

[6] Petitioners mistakenly rely on sec. 3121(b)(20), under which employment tax withholding is not required of fishing vessel owners who meet certain requirements and have crews of less than 10. That section, however, does not obviate their obligation to pay income tax.

is petitioners' obligation in the first instance.  An employer, on the other hand, is an intermediary or collection agent who may be obligated to withhold amounts from an employee for the employee's future use as a credit or payment of any income tax liability.  Whether Mr. Anderson was self-employed or instead was an employee of the boat owners, the fact remains that nothing was withheld from what they paid him.  Thus his gross receipts from that source are subject to income tax in their entirety, with no credit for withholding.  See Goins v. Commissioner, T.C. Memo. 1997-521, affd. without published opinion 151 F.3d 1029 (4th Cir. 1998).

We have reviewed petitioners' arguments as to why they are not taxable on the income or the receipts from fishing activity. Petitioners' arguments are without substance and constitute nothing more than mere protester type arguments, which are not worthy of further analysis or review.

Accordingly, we hold that petitioners are liable for the income tax, as reported by them, for 1996 and 1997.

IV.  Whether There Was An Abuse of Discretion

With respect to the 1995, 1996, and 1997 tax years, the Appeals officer verified that respondent had complied with the legal and procedural requirements prerequisite to the proposed levy action.  The Appeals officer verified that petitioners had been issued a notice and demand to pay the liabilities along with

a notice of intent to levy which explained their right to a hearing.

For 1995 year, the Appeals officer verified that respondent had issued a statutory notice of deficiency and petitioners had not filed a petition. These matters were reflected on a computerized transcript of petitioners' 1995 account. Respondent may use the transcript of account to verify the regularity of these matters. Kuglin v. Commissioner, T.C. Memo. 2002-51.

For taxable years 1996 and 1997, the Appeals officer relied on the fact that petitioners self-assessed the income tax liability and that the examination division had considered and denied petitioners' claims that they owed no tax on the fishing activity receipts.

Respondent has satisfied the section 6330 requirement to verify that the prerequisites were met for proceeding to collect the tax liability for 1995, 1996, and 1997.

There was no abuse of discretion in respondent's determination to proceed with collection of petitioners' outstanding 1995-97 tax liabilities. The Appeals officer verified that all legal and administrative procedures were met. The verification was accomplished by means of a Form 4340, Certificate of Assessments and Payments, which we have held is an acceptable means of verification. Davis v. Commissioner, 115 T.C. 35, 41 (2000); see also Nestor v. Commissioner, 118 T.C. 162

(2002).  Moreover, the Appeals officer properly considered all issues raised by petitioners that were allowable within the purview of section 6330(c).  In that regard, we have held that petitioners were statutorily precluded from challenging the underlying tax liability for taxable year 1995.

Accordingly, there was no abuse of discretion in respondent's determination to proceed with collection of petitioners' 1995, 1996, and 1997 tax liabilities.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

**This opinion was modified by Order dated June 18, 2003.**