T.C. Memo. 2013-164

UNITED STATES TAX COURT

OHAN KARAGOZIAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10257-11L.                    Filed July 8, 2013.

Ohan Karagozian, pro se.

John Richard Mikalchus, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge: This is a collection due process (CDP) appeal under

section 6330(d) in which petitioner asks this Court to review respondent's

determination to proceed with a levy to collect his unpaid Federal income tax for

[*2] 2008. The issue is whether the Internal Revenue Service's Appeals Office abused its discretion in making the determination to proceed.

On November 5, 2012, respondent filed a motion for summary judgment under Rule 121. Respondent seeks to sustain a notice of determination, dated April 5, 2011, upholding the filing of a notice of intent to levy for the tax period ending December 31, 2008. In petitioner's response, dated December 11, 2012, petitioner filed an opposition and cross-motion for summary judgment. We find that there are no genuine issues of material fact, and we conclude that respondent is entitled to judgment as a matter of law.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Connecticut when he filed the petition.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, on October 26, 2009, advising petitioner that

[*3] respondent intended to collect the following unpaid liability for tax year 2008 and that petitioner could schedule a hearing with the Appeals Office:

| Assessment | Amount |
|---|---|
| Income tax | $28,590 |
| Sec. 6651(a)(2) penalty | 143 |
| Sec. 6654 penalty | 480 |
| Interest | 38 |
| Abatement | (3,475) |
| 2010 overpayment | (22) |
| Total | 25,754 |

Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on November 23, 2009, requesting an installment agreement and an offer-in-compromise. The Appeals Office scheduled a face-to-face CDP hearing for October 12, 2010, and requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, an amended Federal income tax return for 2008, and proof of estimated tax payments for 2010.

At the CDP hearing petitioner did not present any collection alternatives, nor did he submit a Form 433-A or his amended 2008 tax return. Petitioner did, however, raise the issue of his underlying tax liability. In raising his tax liability

[*4] petitioner asserted that his previous employer had mischaracterized him as an independent contractor and failed to withhold income tax, arguing that therefore his previous employer should be liable for his unpaid tax.

Petitioner was employed by Coty USA, LLC (Coty), as a computer technician from October 2002 through October 2008. During that time Coty mischaracterized petitioner's employment status and treated him as an independent contractor, issuing him Forms 1099-MISC, Miscellaneous Income, for each year of his service. As a result, petitioner filed returns as self-employed and paid self-employment taxes with respect to his compensation from Coty for tax years 2002 through 2007, thereby overpaying the Social Security and Medicare taxes (i.e., Federal Insurance Contributions Act (FICA) tax) that petitioner actually owed as an employee for those years and underpaying individual income tax.

Petitioner was laid off by Coty in 2008 and filed an unemployment compensation claim with the State of New York Department of Labor. The department of labor sent both petitioner and Coty a letter on December 3, 2008, determining that Coty should have treated petitioner as an employee rather than an independent contractor for Federal tax purposes during tax years 2002 through 2008.

**[*5]** After learning that Coty had mischaracterized him as an independent contractor petitioner filed with the Internal Revenue Service a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, on October 29, 2008. On March 29, 2009, petitioner received a reply determining that he should have been classified as an employee of Coty for Federal income tax purposes for tax years 2002 through 2008. The letter advised petitioner that "[a]s a result of the change to [his] employment status * * * [he] may owe additional tax" and that he should "amend [his] tax returns by filing Form 1040X, Amended U.S. Individual Income Tax Return, * * * for each year involved."

Petitioner filed Form 1040X for tax year 2008 on December 23, 2009, treating as wages the 2008 compensation that he had received from Coty and previously reported as self-employment income. Respondent accepted that amended return, which reported that petitioner had overstated FICA tax by $3,475. Respondent abated petitioner's tax liability by this amount for tax year 2008. The net assessed tax liability for tax year 2008 is $25,115.

On March 23, 2011, the settlement officer called petitioner and said that petitioner was responsible for his own tax liability. Petitioner informed the settlement officer that he did not wish to discuss payment options at that time.

**[*6]** On April 5, 2011, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, upholding the issuance of a notice of intent to levy for the tax period ending December 31, 2008. On May 3, 2011, petitioner filed a petition in this Court which states: "I do understand that I owe certain taxes on monies I declared as income on my 2008 Income tax return and definitely want to make payments towards same, but just don't know how to calculate."

Respondent filed a motion for summary judgment on November 5, 2012. Respondent contends that petitioner and Coty are liable for the unpaid portion of FICA tax. Petitioner filed an opposition on December 11, 2012.

Discussion

Summary judgment may be granted where the moving party shows, through the pleadings and other materials, that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). When a motion for summary judgment is properly supported, the nonmoving party may not

[*7] rest upon the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial. Rule 121(d); Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after a notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy, including notice of the administrative appeals available to the taxpayer (including a CDP hearing). Sec. 6331(d). Respondent complied with the administrative procedures in section 6331.

I.     Scope of review

Under certain circumstances a taxpayer may raise challenges in a CDP proceeding to the Commissioner's determination of his or her underlying tax liabilities. See sec. 6330(c)(2)(B). A taxpayer may challenge in a CDP proceeding the amount of the tax assessed by the Commissioner if he or she did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Montgomery v. Commissioner, 122 T.C. 1, 7 (2004). To dispute the underlying liability before this Court, a taxpayer must have raised the merits of the underlying liability during the CDP hearing.

**[*8]** Giamelli v. Commissioner, 129 T.C. 107, 112-116 (2007); see also sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  If a taxpayer requests a CDP hearing in response to a notice of intent to levy, he or she may also raise at that hearing any other relevant issue related to the unpaid tax or proposed levy.  Secs. 6330(c)(2), 6320(c).  Relevant issues include possible alternative means of collection, such as an installment agreement.  Sec. 6330(c)(2)(A)(iii).

Where the validity of the amount of underlying tax liability as determined by the Commissioner is properly at issue, as it is in this case, we review the determination de novo.  Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Petitioner raised the issue of his underlying tax liability during the CDP hearing, arguing that (1) Coty mischaracterized him as an independent contractor when he should have been characterized as an employee for Federal tax purposes, and (2) because Coty failed to withhold income tax, Coty should be liable for the tax liability.  Petitioner has the burden of proof regarding his underlying tax liability.  See Rule 142(a).

II.    Employment taxes

Section 3101 imposes a tax on wages received by employees.  Employers collect the tax by deducting amounts from their employees' wages.  See Sec. 3102.  An employer is required by sections 3102 and 3402 to withhold from an

**[*9]** employee's wages and then pay the Internal Revenue Service both income tax, under section 3402, and the employee's share of Social Security and Medicare tax (FICA tax). Section 31.3102-1(d), Employment Tax Regs., provides that the employer is liable for the employee's share of FICA tax with respect to all wages paid by the employer, whether or not it is collected from the employee. The regulation also imposes liability for the employee's share of FICA tax on the employee. Id.

Petitioner argues that section 3403 specifically makes the employer liable for payment of FICA tax. Section 3403 provides that the employer shall be liable for the payment of FICA taxes required to be deducted and withheld. Petitioner further argues that section 31.3102-1(d), Employment Tax Regs., makes the employee liable for the employer's obligations, which conflicts with and is therefore superseded by section 3403. Petitioner has misinterpreted the law. Although Coty is liable for the taxes it failed to withhold from him, petitioner is also liable for those taxes. See secs. 3403, 61(a). An employer is an intermediary or collection agent who may be obligated to withhold amounts from an employee for the employee's future use as a credit or payment of any income tax liability. Anderson v. Commissioner, T.C. Memo. 2003-112, slip op. at 17. The failure of an employer to withhold income tax does not relieve the employee of his or her

**[\*10]** obligation to pay the tax. <u>Goins v. Commissioner</u>, T.C. Memo. 1997-521, slip op. at 5, <u>aff'd without published opinion</u>, 151 F.3d 1029 (4th Cir. 1998). Respondent may collect payment from either the employee or the employer, but the employee remains ultimately liable for his own taxes, despite his employer's obligation to withhold. <u>Id.</u>, slip op. at 6. Therefore, petitioner is liable for his own FICA tax.

III.   <u>Equitable recoupment</u>

Section 6214(b) provides that this Court may apply the doctrine of equitable recoupment to the same extent that it is available in civil tax cases before the District Courts and the U.S. Court of Federal Claims. The doctrine of equitable recoupment is a judicially created doctrine that, under certain circumstances, allows a litigant to avoid the bar of an expired statutory limitation period. <u>Menard, Inc. v. Commissioner</u>, 130 T.C. 54, 66 (2008). The doctrine prevents an inequitable windfall to a taxpayer or to the Government that would otherwise result from the inconsistent tax treatment of a single transaction, item, or event affecting the same taxpayer or a sufficiently related taxpayer. <u>Id.</u> Equitable recoupment operates as a defense that may be asserted by a taxpayer to reduce the Commissioner's timely claim of a deficiency or by the Commissioner to reduce the taxpayer's timely claim for a refund. <u>Id.</u> When applied for the benefit of a

[*11] taxpayer, the equitable recoupment doctrine permits a taxpayer to raise a time-barred claim in order to reduce or eliminate the money owed on the timely claim. Id.; see Rothensies v. Elec. Storage Battery Co., 329 U.S. 296, 299-300 (1946); Revah v. Commissioner, T.C. Memo. 2010-269, slip op. at 6.

As a general rule, the party claiming the benefit of an equitable recoupment defense must establish that it applies. Menard, Inc. v. Commissioner, 130 T.C. at 62. In order to establish that equitable recoupment applies, a party must prove the following elements: (1) the overpayment or deficiency for which recoupment is sought by way of offset is barred by an expired period of limitation; (2) the time-barred overpayment or deficiency arose out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes; and (4) if the transaction, item, or taxable event involves two or more taxpayers, there is sufficient identity of interest between the taxpayers subject to the two taxes that the taxpayers should be treated as one. United States v. Dalm, 494 U.S. 596, 604-605 (1990); Menard v. Commissioner, 130 T.C. at 62-63; Estate of Branson v. Commissioner, 113 T.C. 6, 15 (1999), aff'd, 264 F.3d 904 (9th Cir. 2001); Estate of Orenstein v. Commissioner, T.C. Memo. 2000-150.

[*12] Petitioner raises the doctrine of equitable recoupment, arguing that he overpaid taxes from 2002 through 2007 as a result of his employer's misclassification, and he would like to offset his 2008 tax liability with these previous overpayments. Petitioner and respondent dispute whether there is a transaction, item, or taxable event that has been inconsistently subjected to two taxes. Petitioner contends that his reclassification as an employee was a single transaction that was subject to two taxes. Respondent contends that each year of petitioner's reclassification constitutes a separate taxable event and therefore the doctrine of equitable recoupment is not applicable because the previous overpayments from 2002 through 2007 were not part of the same transaction, item, or taxable event as petitioner's 2008 deficiency.

As discussed above, equitable recoupment, among other things, requires a single transaction, item, or taxable event to have been inconsistently subjected to two taxes. This requirement of a single transaction, item, or taxable event is discussed at length in Estate of Branson v. Commissioner, 113 T.C. at 15-35. In particular, in Estate of Branson we discussed the Supreme Court's decision in Elec. Storage Battery Co., 329 U.S. 296, and we noted that the taxes paid in time-barred years in that case were not paid on the same item or in the same transaction, but on the same type of item or transaction (i.e., the erroneous treatment of sales of

**[*13]** batteries that were subject to excise taxes).  In Elec. Storage Battery Co. the taxpayer overpaid excise taxes from 1919 through 1926 but only filed for refunds for tax years 1922 through 1926 because the previous years were barred by the statute of limitations.  The taxpayer received a refund in 1935.  The Internal Revenue Service's proper inclusion of the refund in the taxpayer's income gave rise to a tax deficiency in 1935.  The Supreme Court held that the taxpayer could not use his overpayment of excise taxes in time-barred years 1919 to 1922 to offset his current income tax deficiency for 1935, finding that the erroneous failure to include the excise tax refund in income for 1935 is not the same transaction as erroneously paying excise taxes from 1919 through 1922.

Similarly, petitioner would like to use overpaid FICA taxes for tax years 2002 through 2007 to offset his tax deficiency for 2008.  Although the taxes petitioner paid in the time-barred years were paid on the same type of transaction (i.e., compensation petitioner received from Coty) as in 2008, we follow the Supreme Court's reasoning in Elec. Storage Battery Co. and find that the overpaid FICA taxes from 2002 through 2007 are separate transactions, separate items, and separate taxable events from petitioner's 2008 tax deficiency.  Income taxes are levied on an annual basis.  Each year is the origin of a new liability and of a separate course of action.  Commissioner v. Sunnen, 333 U.S. 591, 598 (1948).

**[\*14]** The Supreme Court has emphasized that a claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories, and that is not the case here. Estate of Branson v. Commissioner, 113 T.C. at 21.

Petitioner filed Form 1040X on December 23, 2009. The correct amounts of income tax and FICA tax were assessed by respondent and based on petitioner's amended return. As a result, petitioner's 2008 taxable income was not subject to two separate types of tax. "The fact that a single tax determination may affect the taxes on two transactions does not convert the two transactions into a single one." Wilmington Trust Co. v. United States, 610 F.2d 703, 714 (Ct. Cl. 1979). Therefore, petitioner is unable to satisfy the requirement that the overpayment and the deficiency arise from the same transaction.

The 2008 tax year is the only year before this Court. The correct amount of income tax and the employee's share of FICA tax were correctly assessed for 2008. No inconsistent legal theory was applied. See IRS v. Pransky (In re Pransky), 318 F.3d 536, 544-545 (3d Cir. 2003). Therefore, petitioner is unable to satisfy the requirement that the employee's income be inconsistently subjected to two taxes, and equitable recoupment does not apply.

**[*15]** IV.     Section 6521

Section 6521 mitigates the effect of an expired period of limitations in certain cases in which self-employment income is incorrectly classified as wages and FICA taxes are paid, or wages are incorrectly classified as self-employment income and self-employment taxes are paid.  If correcting the error would require a refund or credit of one tax and an assessment of the other, and if the period of limitations has expired as to only one of the taxes in question, then one tax may be credited against the other, despite the period of limitations' having expired. Bronson v. Commissioner, T.C. Memo. 1992-648.

Section 6521(a) provides:

SEC. 6521(a).  Self-Employment Tax and Tax on Wages.--  In the case of the tax imposed by chapter 2 (relating to tax on self-employment income) and the tax imposed by section 3101 (relating to tax on employees under the Federal Insurance Contributions Act)--

(1) If an amount is erroneously treated as self-employment income, or if an amount is erroneously treated as wages, and

(2) If the correction of the error would require an assessment of one such tax and the refund or credit of the other tax, and

(3) If at any time the correction of the error is authorized as to one such tax but is prevented as to the other tax by any law or rule of law (other than section 7122, relating to compromises),

then, if the correction authorized is made, the amount of the assessment, or the amount of the credit or refund, as the case may be, authorized as to the one tax shall be reduced by the amount of the credit or refund, or the

[*16] amount of the assessment, as the case may be, which would be required with respect to such other tax for the correction of the error if such credit or refund, or such assessment, of such other tax were not prevented by any law or rule of law (other than section 7122, relating to compromises).

For a case to fall within this provision, there must be symmetry: "an amount" must be erroneously treated in such a way that one tax is due rather than the other erroneously paid tax. Bronson v. Commissioner, T.C. Memo. 1992-648. The provision clearly refers to a change in the characterization of the same amount for the same year. Id. Section 6521 does not provide for a credit in a case where self-employment taxes were allegedly overpaid for a prior year and FICA taxes are underpaid for a later year, as is the case with petitioner. See W. Mgmt., Inc. v. United States, 498 Fed. Appx. 10, 14 (Fed. Cir. 2012). We hold that section 6521 is not applicable to this case, and petitioner is not entitled to a credit for 2008 on account of taxes allegedly overpaid for tax years 2002 through 2007.

V.    Abuse of discretion

The Court reviews administrative determinations by the Commissioner's Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

[*17] Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based his determination on the factors specified by section 6330(c)(3).

The settlement officer did not abuse his discretion by denying petitioner collection alternatives because petitioner did not provide the settlement officer with the necessary financial information. Generally, it is not an abuse of discretion for the settlement officer to deny a collection alternative if the taxpayer did not provide financial information during the administrative hearing. See Olsen v. United States, 414 F.3d 144 (1st Cir. 2005); Shebby v. Commissioner, T.C. Memo. 2011-125; Lance v. Commissioner, T.C. Memo. 2009-129. A taxpayer is expected to provide all relevant information to the Appeals Office, including financial statements. See sec. 301.6330-1(e)(1), Proced. & Admin. Regs. As a result of petitioner's failure to submit the necessary financial information, the settlement officer was unable to evaluate any collection alternatives.

**[\*18]** We have considered the other arguments of the parties, and they are either

without merit or need not be addressed in view of our resolution of the issues.  We

will grant respondent's motion for summary judgment and deny petitioner's cross-

motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.