130 T.C. No. 4

UNITED STATES TAX COURT

MENARD, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOHN R. MENARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket Nos. 673-02, 674-02.      Filed February 19, 2008.

MI is an accrual basis taxpayer with a fiscal year ending Jan. 31.  S is a cash basis taxpayer who was the president, CEO, and 89-percent shareholder of MI during MI's TYE 1998.

In an earlier opinion, the Court concluded that a portion of the compensation that MI paid to S during TYE 1998 was unreasonable and represented a disguised dividend, and consequently MI was liable for an income tax deficiency to the extent S's compensation was not deductible as an ordinary and necessary business expense.

_____

[*]This Opinion supplements our previously filed opinions in <u>Menard, Inc. v. Commissioner</u>, T.C. Memo. 2004-207, and <u>Menard, Inc. v. Commissioner</u>, T.C. Memo. 2005-3.

The Court also concluded that S was liable for an income tax deficiency to the extent MI's payment of certain expenses was unreasonable in amount and constituted a constructive dividend to S and S constructively received interest income on loans he made to MI.

R filed computations for entry of decision pursuant to Rule 155, Tax Court Rules of Practice and Procedure. S and MI objected to R's computations because they did not reflect an offset against their income tax deficiencies equal to the amount of hospital taxes that S and MI overpaid under secs. 3101(b) and 3111(b), I.R.C., in respect of the portion of S's compensation that the Court recharacterized as a disguised dividend.

After the submission of the computations and related objections, Congress passed the Pension Protection Act of 2006 (PPA), Pub. L. 109-280, sec. 858, 120 Stat. 1020, which amended sec. 6214(b), I.R.C., to provide that the Tax Court may apply the doctrine of equitable recoupment, effective for any action or proceeding in the Court with respect to which a decision has not become final as of Aug. 17, 2006. Sec. 6214(b), I.R.C., as amended by PPA sec. 858, provides that the Court has jurisdiction to apply the doctrine of equitable recoupment to the same extent that the doctrine is available in civil tax cases before the District Courts of the United States and the U.S. Court of Federal Claims.

Held: Where, as here, the Court has original jurisdiction to redetermine a deficiency pursuant to sec. 6213(a), I.R.C., the Court may apply the equitable recoupment doctrine even if the Court lacks subject matter jurisdiction over the type of tax to which the equitable recoupment claim is directed.

Held, further: The requirements for establishing a claim of equitable recoupment are satisfied in this case, and S and MI are entitled to an offset against their income tax deficiencies equal to the hospital taxes that S and MI paid on the portion of S's compensation that the Court recharacterized as a disguised dividend.

    *Held*, *further*:  Before MI's income tax deficiency
may be offset by the hospital tax in question, MI must
eliminate or back out the deduction for such hospital
tax that it claimed on its tax return for 1998.


    Robert E. Dallman, Vincent J. Beres, and Robert J. Misey,
Jr., for petitioners.

    Christa A. Gruber, J. Paul Knap, and Michael Calabrese, for
respondent.


                    SUPPLEMENTAL OPINION

    MARVEL, Judge:  This matter is before the Court on
petitioners' objection to respondent's proposed Rule 155[1]
computations submitted in response to our holdings in Menard,
Inc. v. Commissioner, T.C. Memo. 2004-207 (Menard I), and Menard,
Inc. v. Commissioner, T.C. Memo. 2005-3 (Menard II).  As
discussed in greater detail below, in Menard I we held that
petitioners are liable for income tax deficiencies for the
taxable year ended (TYE) 1998.  In Menard II we denied
petitioners' motion for reconsideration.

    The issue we must decide is whether, under the equitable
recoupment doctrine, petitioners are entitled to an offset
against their income tax liabilities for TYE 1998 equal to the

_____

    [1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all chapter,
subtitle, and section references are to the Internal Revenue
Code.

amount of so-called hospital insurance taxes that they overpaid pursuant to sections 3101(b) and 3111(b) on the portion of petitioner John R. Menard's compensation recharacterized in Menard I as a disguised dividend.

## Background

We adopt the findings of fact set forth in Menard I. For convenience and clarity, we repeat below the facts necessary for the disposition of this matter, and we supplement those findings with additional facts as appropriate.

Menard, Inc. (Menards), was incorporated in Wisconsin in 1962 and is engaged primarily in the retail sale of hardware, building supplies, paint, garden equipment, and similar items. As of the trial date, Menards had approximately 160 stores in nine Midwestern States and was one of the nation's top retail home improvement chains.

John R. Menard (Mr. Menard) served as president and chief executive officer of Menards and has been a controlling shareholder of Menards since its incorporation. During the period in question, Mr. Menard owned approximately 89 percent of Menards's voting and nonvoting stock.

Menards is an accrual basis taxpayer and has a fiscal year ending January 31 for tax and financial reporting purposes. On October 15, 1998, Menards timely filed Form 1120, U.S. Corporation Income Tax Return, for TYE 1998. On October 12,

2001, respondent sent to Menards a notice of deficiency with respect to its TYE 1998. Menards timely petitioned this Court seeking a redetermination of the deficiency.

Mr. Menard is a cash basis taxpayer with a taxable year ending December 31. Between March 30 and April 15, 1999, Mr. Menard timely filed Form 1040, U.S. Individual Income Tax Return, for 1998. On October 12, 2001, respondent sent a separate notice of deficiency to Mr. Menard with respect to 1998. Mr. Menard timely petitioned this Court seeking a redetermination of the deficiency.

The two cases were consolidated for trial, briefing, and opinion. Following a trial and the submission of posttrial briefs, we issued our opinion in Menard I holding, among other things, that Menards was not entitled to a business expense deduction for a significant portion of the compensation it paid to Mr. Menard for 1998 because the compensation was unreasonable, was not paid entirely for personal services, and was properly characterized as a disguised dividend to Mr. Menard. Separately, we sustained respondent's determination that Mr. Menard was liable for an income tax deficiency to the extent that Menards's payment of certain expenses on Mr. Menard's behalf was unreasonable and constituted a constructive dividend to Mr. Menard.

After we issued our opinions in Menard I and Menard II, we received and filed respondent's computation for entry of decision pursuant to Rule 155 in each of these consolidated cases. Respondent concluded that (1) Menards owed an income tax deficiency of $5,720,334 and a penalty of $188,295.60, and (2) Mr. Menard owed an income tax deficiency of $921,491 and a penalty of $184,298.20.  Petitioners filed a notice of objection to respondent's Rule 155 computations in which they alleged that Menards's correct income tax deficiency and penalty amounts were $5,523,488.20 and $188,295.60, respectively, and that Mr. Menard's correct income tax deficiency and penalty amounts were $724,645 and $184,298.20, respectively.[2]

The parties' deficiency computations for both Menards and Mr. Menard differ by $196,845.81, which is the amount of hospital insurance tax (hospital tax) that Mr. Menard and Menards contend they overpaid pursuant to sections 3101(b) and 3111(b), respectively.[3]  Petitioners contend that, consistent with our

_____

[2]We also received and filed respondent's response to petitioners' objection, petitioners' reply to respondent's response, and supplements from both parties.

[3]Petitioners' counsel first raised the question whether respondent would permit petitioners to offset the amount of any hospital tax overpayments against any income tax deficiencies determined by the Court at a meeting in November 2002 and in correspondence that followed the meeting.  At that time, respondent's counsel agreed that the matter was purely computational and it would not be necessary for petitioners to file an amended petition raising the issue.  Under the

(continued...)

holding in Menard I recharacterizing a portion of the compensation that Menards paid to Mr. Menard as a constructive dividend, they overpaid so much of the hospital tax that they remitted to the Commissioner during 1998 as was attributable to the constructive dividend. Petitioners argue that, under the doctrine of equitable recoupment, they are entitled to offset the amount of their hospital tax overpayments against their respective income tax deficiencies for TYE 1998 and that they have met all of the requirements necessary to establish their equitable recoupment defense.[4]

Respondent maintains that the Court lacks the authority under the equitable recoupment doctrine to offset petitioners' income tax deficiencies by the amounts of their overpaid hospital taxes because we lack jurisdiction over hospital tax deficiencies and overpayments. Respondent contends that hospital taxes play no role in the determination of a deficiency within the meaning of section 6211 and that neither additional hospital tax liabilities nor hospital tax overpayments are included in a

_____

[3](...continued)
circumstances, the Court does not consider petitioners' equitable recoupment claim to be a "new issue" within the meaning of Rule 155, and respondent does not contend otherwise.

[4]Petitioners also asserted that respondent should be equitably estopped from refusing to consider their overpayments of hospital tax in the course of computing their correct tax liabilities. However, petitioners failed to develop this argument with any specificity, and we decline to address it.

computation for entry of decision because we lack jurisdiction over hospital taxes.  According to respondent, applying equitable recoupment in this case "would allow petitioners to slip through a back door to challenge a tax they could not directly petition the Court to review."

Respondent does not dispute the amount by which petitioners contend they overpaid their hospital taxes, nor does respondent dispute that the elements necessary for an equitable recoupment claim are present in this case.[5]

Neither Menards nor Mr. Menard filed a claim for a refund of the hospital taxes that they overpaid.  The period of limitations for filing a refund claim has now expired with respect to both petitioners.

We have not yet entered decisions in these cases, and consequently no decision has become final within the meaning of section 7481.

## Discussion

These cases present an issue of first impression regarding the scope of our authority to apply the doctrine of equitable

---

[5]Respondent did not raise any specific challenge to Mr. Menard's computations.  Respondent does assert, however, that assuming equitable recoupment is available in this case, petitioner Menard, Inc., erred in computing the amount of its income tax deficiency, after accounting for the offset of hospital tax.  We shall discuss this issue in greater detail below.

recoupment.  Specifically, we must decide whether the tax that is the subject of a litigant's equitable recoupment defense must be one over which we have deficiency and overpayment jurisdiction under sections 6211 and 6212.

## I.   Jurisdiction of the Tax Court

### A.   Deficiency and Overpayment Jurisdiction

Like other Federal courts, the Tax Court is a court of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Section 7442 expressly provides that the Court and its divisions shall have such jurisdiction as is conferred on them by the Internal Revenue Code and by laws enacted after February 26, 1926.  See Adams v. Commissioner, 70 T.C. 446, 447 (1978); Chatterji v. Commissioner, 54 T.C. 1402, 1406 (1970).

Petitioners each received a notice of deficiency, and they invoked our jurisdiction by filing a petition for redetermination of a deficiency under section 6213(a).  Section 6214(a) grants us jurisdiction to redetermine the correct amount of a deficiency and to determine whether any additional amounts or any additions to tax should be assessed.  Section 6211(a) in relevant part defines the term "deficiency" as the amount by which the tax imposed by subtitle A (sections 1 through 1563) or subtitle B (sections 2001 through 2704), or chapter 41 (sections 4911 and

4912), chapter 42 (sections 4940 through 4963), chapter 43 (sections 4971 through 4980E), or chapter 44 (sections 4981 and 4982) exceeds the amount shown as the tax by the taxpayer on a return.  Section 6212(a), which authorizes the Commissioner to issue a notice of deficiency, likewise is limited to a deficiency in respect of any taxes imposed by subtitle A or B or chapter 41, 42, 43, or 44.

Pursuant to section 6512(b)(1), we also have jurisdiction to determine the amount of an overpayment[6] of tax in limited circumstances.  Our jurisdiction to determine whether there has been an overpayment is limited to the same taxable year or years for which the Commissioner has issued a notice of deficiency and with regard to which the taxpayer has timely filed a petition for redetermination of the deficiency.  Sec. 6512(b)(1).  In addition, our overpayment jurisdiction is limited to determining an overpayment of income, gift, estate, or excise taxes (and related interest) imposed by chapter 41, 42, 43, or 44.  Sec. 6512(b)(1) and (2).  Once we have determined that there is no deficiency but that the taxpayer has made an overpayment of tax, or that there is a deficiency but the taxpayer has made an overpayment of such tax, we have jurisdiction to determine the

---

[6]An "overpayment" of tax is "'any payment in excess of that which is properly due.'"  See <u>Winn-Dixie Stores, Inc., & Subs. v. Commissioner</u>, 110 T.C. 291, 295 n.5 (1998) (quoting <u>Jones v. Liberty Glass Co.</u>, 332 U.S. 524, 531 (1947)).

amount of the overpayment and order a refund of the overpayment, or to credit the overpayment against the deficiency, if the requirements of section 6512(b) are satisfied.  Sec. 6512(b)(1) and (2).

B.    Jurisdiction Over Hospital Tax

Petitioners' equitable recoupment defense pertains to hospital tax imposed by the Federal Insurance Contributions Act, codified as chapter 21 (sections 3101-3128).  Section 3101(b) imposes a 1.45-percent hospital tax on the wage income of all employees, which the employer must withhold from the employees' wages and pay to the Secretary.  See secs. 3102(a), 3501.  In addition, section 3111(b) requires employers to pay to the Secretary a corresponding 1.45-percent hospital tax on all wages paid to employees.  See sec. 3501.

Our deficiency and overpayment jurisdiction (described above) does not extend to hospital tax imposed under sections 3101 and 3111.  Nevertheless, Congress has recently expanded our jurisdiction with respect to employment tax.  In 1997, Congress passed the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1454(a), 111 Stat. 1055, adding section 7436, which confers jurisdiction on the Court to review certain determinations made by the Commissioner regarding employment status (worker

classification) and the proper amount of employment tax[7] under such determinations.[8]  <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, 121 T.C. 89, 102-103 (2003), affd. 425 F.3d 1203 (9th Cir. 2005); <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. 263, 267-268 (2001).  However, our jurisdiction under section 7436(a) depends upon, and only arises after, a determination of worker classification by the Secretary.  <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, <u>supra</u> at 103.  The Secretary has not made such a determination in this case, and therefore we do not have original jurisdiction under section 7436 over petitioners' claims for hospital tax offsets against their income tax deficiencies.[9]

---

[7]Sec. 7436(e) defines the term "employment tax" as any tax imposed by subtit. C, which encompasses secs. 3101 to 3510.  Sec. 7436(a) was amended to give the Court authority to determine the proper amount of employment tax by the Consolidated Appropriations Act, 2001, Pub. L. 106-554, app. G, sec. 314(f), 114 Stat. 2763A-643 (2000).

[8]Sec. 7436(d)(1) provides that "The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency."

[9]We also have jurisdiction in a deficiency proceeding to make a determination under sec. 31, which allows a credit against income tax for the withholding of excess employment tax as a result of the taxpayer's having received wages from more than one employer.  See <u>Chatterji v. Commissioner</u>, 54 T.C. 1402, 1405-1406 (1970); <u>Else v. Commissioner</u>, T.C. Memo. 1984-36; <u>Purdy v. Commissioner</u>, T.C. Memo. 1982-652.  However, sec. 31 is not at issue in this case and provides no basis for asserting original

(continued...)

Ordinarily, a taxpayer asserting an overpayment of hospital tax must file a claim for refund or credit with the Secretary. See secs. 6402(a), 6413(a); sec. 31.6402(a)-1, Employment Tax Regs. If the Secretary denies the taxpayer's claim for refund or credit, the taxpayer may file suit in Federal District Court or the Court of Federal Claims to recover any tax alleged to have been erroneously or illegally assessed or collected. Sec. 7422(a); 28 U.S.C. sec. 1346(a) (2000). In addition, any claim for a refund or credit must be made within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later. Sec. 6511(a). No credit or refund shall be allowed or made after the period of limitations for filing such a claim expires. Sec. 6511(b)(1).

II. The Equitable Recoupment Doctrine

A. Generally

The doctrine of equitable recoupment is a judicially created doctrine that, under certain circumstances, allows a litigant to avoid the bar of an expired statutory limitation period. United States v. Dalm, 494 U.S. 596, 605 (1990); Bull v. United States, 295 U.S. 247, 262 (1935). The doctrine prevents an inequitable windfall to a taxpayer or to the Government that would otherwise result from the inconsistent tax treatment of a single

---

[9](...continued)
jurisdiction over petitioners' hospital tax overpayments.

transaction, item, or event affecting the same taxpayer or a sufficiently related taxpayer.  Estate of Mueller v. Commissioner, 101 T.C. 551, 552 (1993) (Mueller II);[10] see also United States v. Dalm, supra at 605-606 n.5; Bull v. United States, supra.  Equitable recoupment operates as a defense that may be asserted by a taxpayer to reduce the Commissioner's timely claim of a deficiency, or by the Commissioner to reduce the taxpayer's timely claim for a refund.  O'Brien v. United States, 766 F.2d 1038, 1049 (7th Cir. 1985); Estate of Mueller v. Commissioner, supra at 552; Estate of Orenstein v. Commissioner, T.C. Memo. 2000-150.  When applied for the benefit of a taxpayer, the equitable recoupment doctrine allows a taxpayer to recoup the amount of a time-barred tax overpayment by allowing the overpayment to be applied as an offset against a deficiency if certain requirements are met.  Bull v. United States, supra at 259-263; Crop Associates-1986 v. Commissioner, 113 T.C. 198, 200 (1999).

---

[10]In Estate of Mueller v. Commissioner, T.C. Memo. 1992-284, we redetermined the increased value of certain shares of stock included in the decedent's gross estate.  In Estate of Mueller v. Commissioner, 101 T.C. 551 (1993), we denied the Commissioner's motion to dismiss for lack of jurisdiction in respect of the taxpayer's partial affirmative defense of equitable recoupment. In Estate of Mueller v. Commissioner, 107 T.C. 189 (1996), affd. on other grounds 153 F.3d 302 (6th Cir. 1998), we rejected the taxpayer's equitable recoupment claim on the ground that equitable recoupment is restricted to use as a defense against an otherwise valid claim for a deficiency and the doctrine may not be used to increase the amount of a tax overpayment where it is determined that no deficiency exists.

As a general rule, the party claiming the benefit of an equitable recoupment defense must establish that it applies. See Estate of Mueller v. Commissioner, supra at 556. In order to establish that equitable recoupment applies, a party must prove the following elements: (1) The overpayment or deficiency for which recoupment is sought by way of offset is barred by an expired period of limitation; (2) the time-barred overpayment or deficiency arose out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes; and (4) if the transaction, item, or taxable event involves two or more taxpayers, there is sufficient identity of interest between the taxpayers subject to the two taxes that the taxpayers should be treated as one. United States v. Dalm, supra at 604-605; Estate of Branson v. Commissioner, 113 T.C. 6, 15 (1999), affd. 264 F.3d 904 (9th Cir. 2001); Estate of Orenstein v. Commissioner, supra.

B.   Tax Court Jurisdiction To Apply Equitable Recoupment

We addressed the question of our authority to consider a claim of equitable recoupment in Mueller II. In that case, we held that our authority to apply equitable recoupment was inherent in the jurisdiction conferred on us by statute to redetermine a tax deficiency. Estate of Mueller v. Commissioner, supra at 556. We concluded that exercising jurisdiction over the

taxpayer's equitable recoupment claim did not require us to exercise jurisdiction that was beyond the scope of the taxpayer's primary claim for redetermination of the deficiency, explaining that "When a taxpayer raises an affirmative defense to a deficiency determination, we need no additional source of jurisdiction to render a decision with respect to the defense. It is part of the entire action over which we have jurisdiction." Id.

In several cases following Mueller II, we reaffirmed our jurisdiction to consider equitable recoupment as an affirmative defense in resolving a deficiency proceeding.  Estate of Branson v. Commissioner, supra; Estate of Bartels v. Commissioner, 106 T.C. 430 (1996); Estate of Orenstein v. Commissioner, supra.

The Courts of Appeals that considered whether this Court may entertain an equitable recoupment claim split on the question. In Estate of Mueller v. Commissioner, 153 F.3d 302 (6th Cir. 1998), affg. on other grounds 107 T.C. 189 (1996), the Court of Appeals held that this Court lacked jurisdiction to consider a claim of equitable recoupment.  In contrast, in Estate of Branson v. Commissioner, 264 F.3d 904 (9th Cir. 2001), the Court of Appeals reached the opposite conclusion.

For present purposes, any uncertainty regarding the Court's authority to apply the equitable recoupment doctrine was eliminated with the enactment of the Pension Protection Act of

2006 (PPA), Pub. L. 109-280, sec. 858(a), 120 Stat. 1020, which amended section 6214(b) by adding a second sentence to the provision.  Section 6214(b) now provides as follows:

> SEC. 6214(b).  Jurisdiction Over Other Years and Quarters.--The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.  Notwithstanding the preceding sentence, the Tax Court may apply the doctrine of equitable recoupment to the same extent that it is available in civil tax cases before the district courts of the United States and the United States Court of Federal Claims.

Section 6214(b), as amended, is effective for any action or proceeding before the Court with respect to which a decision has not become final (as determined under section 7481) as of August 17, 2006.  PPA sec. 858(b), 120 Stat. 1020.  Because no decisions have been entered in these cases, section 6214(b), as amended, applies in determining the scope of our authority to apply the doctrine of equitable recoupment.

There is very little in the way of legislative history underlying the amendment to section 6214(b).  The most complete statement concerning the amendment is contained in S. Rept. 109-336, at 97 (2006), which states in pertinent part:

### REASONS FOR CHANGE

> The Committee believes that it is important to resolve the conflict among the circuit courts by

eliminating the uncertainty or confusion of differing results in differing circuits. The Committee also believes that the provision will provide simplification benefits to both taxpayers and the IRS.

EXPLANATION OF PROVISION

[The bill does not include the provision as approved by the Committee because an identical or substantially similar provision was enacted into law in the Pension Protection Act of 2006 (Pub. L. No. 109-280, sec. 858) subsequent to Committee action on the bill. The following discussion described the provision as approved by the Committee.]

The provision confirms that the Tax Court may apply the principle of equitable recoupment to the same extent that it may be applied in Federal civil tax cases by the U.S. District Courts or the U.S. Court of Claims. * * * [11]

III. Analysis

A. The Scope of the Court's Jurisdiction To Consider Equitable Recoupment Claims

Section 6214(b) provides that this Court "may apply the doctrine of equitable recoupment to the same extent that it is available in civil tax cases before" other Federal trial courts. The limited legislative history underlying the recent amendment to section 6214(b) indicates Congress intended to eliminate confusion over the Court's authority to apply the doctrine

_____

[11]S. Rept. 109-336 (2006) pertained to S. 1321, 109th Cong., 2d Sess. (2006) (titled "Telephone Excise Tax Repeal and Taxpayer Protection and Assistance Act of 2006"). As explained in the bracketed material contained in the above-quoted portion of the report, after the Senate Finance Committee's action on S. 1321, sec. 6214(b) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 858, 120 Stat. 1020. Nevertheless, S. Rept. 109-336, supra at 97, correctly describes the substance of the amendment to sec. 6214(b).

created by conflicting Court of Appeals opinions and to provide simplification benefits to both taxpayers and the Commissioner. S. Rept. 109-336, supra at 97; see Staff of Joint Comm. on Taxation, Technical Explanation of H.R. 4, The Pension Protection Act of 2006, at 203 (J. Comm. Print 2006).

Respondent acknowledges that section 6214(b) grants the Court authority to apply the doctrine of equitable recoupment in appropriate cases. Nevertheless, respondent asserts that we may not apply the doctrine in this case because our authority is limited to taxes over which we have deficiency or overpayment jurisdiction; i.e., income, estate, and gift taxes and excise taxes imposed under chapters 41, 42, 43, and 44. In support of his position, respondent attempts to draw parallels between the first and second sentences of section 6214(b). Specifically, while the first sentence of section 6214(b) permits us to consider facts with relation to other taxable years and calendar quarters in determining the correct amounts of the deficiencies for the taxable years properly before us, the provision expressly bars us from exercising jurisdiction to determine whether the tax for those other taxable years or calendar quarters has been overpaid or underpaid. As respondent sees it, just as the first sentence of section 6214(b) limits our jurisdiction, the second sentence of section 6214(b), which grants us authority to apply the doctrine of equitable recoupment, should be narrowly

construed so that our jurisdiction is restricted in all events to taxes within our original jurisdiction.

Petitioners assert that respondent is attempting to add words of limitation to the otherwise plain language of section 6214(b). Petitioners maintain that section 6214(b) is broadly worded and clearly expresses Congress's intent to put this Court on equal footing with other Federal trial courts vested with jurisdiction over civil tax disputes. Petitioners argue that to the extent other Federal trial courts with jurisdiction over civil tax cases may apply the doctrine of equitable recoupment in respect of hospital tax, the Tax Court may do so as well.

As explained below, we reject respondent's narrow construction of section 6214(b). Respondent's position regarding our authority to apply the doctrine of equitable recoupment conflicts with the plain language of section 6214(b), its legislative history, and the policies underlying the doctrine.

When Congress recently amended section 6214(b), it confirmed in the broadest of terms our authority to apply the doctrine of equitable recoupment. The plain language of section 6214(b) offers no justification or support for the narrow construction that respondent advocates. Section 6214(b) simply states that the scope of the Court's authority to apply the doctrine of equitable recoupment is equal to that of other Federal trial courts with jurisdiction over civil tax cases. If, as respondent

suggests, Congress intended to limit the scope of the Court's equitable recoupment authority to taxes that normally fall within the Court's deficiency and/or overpayment jurisdiction, we are convinced that Congress would have drafted section 6214(b) to say so in clear and unambiguous terms.

Nor does the legislative history underlying the amendment to section 6214(b) provide any support for respondent's position. To the contrary, S. Rept. 109-336, supra at 97, indicates that Congress viewed the amendment to section 6214(b) as a means to provide clarity and simplification for taxpayers and the Commissioner alike.  The literal interpretation of section 6214(b) that petitioners advocate, under which the Court is authorized to apply the doctrine of equitable recoupment in respect of all internal revenue taxes, offers clarity and a meaningful measure of simplification in that both parties can be confident that the Court may provide a complete remedy for a given taxable year.  In contrast, respondent's narrow construction of the provision would add uncertainty to litigation and create a category of cases in which equitable recoupment would not be available in the Tax Court.

Respondent's narrow construction of section 6214(b) is also inconsistent with the central policy underlying the doctrine of equitable recoupment; i.e., to prevent an inequitable windfall to a taxpayer or the Government that would otherwise result from the

inconsistent tax treatment of a single transaction, item, or event.  We assume that if the roles were reversed and petitioners had filed timely refund suits in Federal District Court alleging that they overpaid their hospital tax, respondent would assert equitable recoupment and seek to offset some or all of the claimed refunds by the amount of any income tax petitioners might owe in connection with the same transaction.  Just as a Federal District Court may apply the doctrine of equitable recoupment in favor of the Commissioner in the scenario described above, fundamental fairness suggests that this Court likewise may apply the doctrine in favor of petitioners under the facts presented in the instant case.  Otherwise, respondent will enjoy an inequitable windfall due to the inconsistent tax treatment of a single transaction under two different internal revenue taxes.

As a final matter, we reject respondent's argument that we are allowing petitioners to use the doctrine of equitable recoupment to expand our jurisdiction and introduce hospital tax into the case "through the back door".  We have consistently held that "'While we cannot expand our jurisdiction through equitable principles, we can apply equitable principles in the disposition of cases that come within our jurisdiction.'"  Woods v. Commissioner, 92 T.C. 776, 784-785 (1989) (quoting Berkery v. Commissioner, 90 T.C. 259, 270 (1988) (Hamblen, J., concurring)); see also Estate of Branson v. Commissioner, 113 T.C. at 12;

Estate of Mueller v. Commissioner, 101 T.C. at 557. In Mueller II, and in each of the subsequent cases in which we have applied equitable recoupment, we held that our jurisdiction to redetermine the disputed deficiency provided the basis for the Court to consider affirmative defenses, including equitable recoupment. See Estate of Branson v. Commissioner, supra at 12; Estate of Bartels v. Commissioner, 106 T.C. 430 (1996); Estate of Orenstein v. Commissioner, T.C. Memo. 2000-150. In this light, our authority to consider a claim of equitable recoupment is merely ancillary to our jurisdiction to redetermine a tax deficiency and does not unduly expand upon that jurisdiction.

In sum, we conclude there is no requirement in section 6214(b) that, in applying the doctrine of equitable recoupment, we have original or subject matter jurisdiction over the tax that the Commissioner or the taxpayer seeks to apply as an offset against a claimed deficiency or refund. We hold that, if our jurisdiction is properly invoked upon the filing of a petition for redetermination of a deficiency, we may apply the doctrine in respect of any tax imposed under the Internal Revenue Code so long as the elements necessary to support a claim of equitable recoupment are established.

B.   Application of the Equitable Recoupment Doctrine to the Facts of This Case

Respondent does not dispute that the elements of equitable recoupment are present in these cases. See supra p. 8.

Consequently, we need not discuss the individual elements in any detail.

We are required, however, to address respondent's contention that Menards improperly computed its income tax liability in connection with the offset of its share of the hospital tax. Specifically, respondent asserts that, since Menards deducted its share of the hospital tax on its income tax return for 1998, Menards must first eliminate or back out that particular deduction, then recompute its income tax liability in accordance with the Court's earlier opinions, and finally offset the resulting income tax deficiency by the amount of the hospital tax that it paid under section 3111(b).

Menards disagrees with respondent and cites section 1.461-2(a)(1), Income Tax Regs., which provides the general rule that if an asserted liability is contested, the taxpayer transfers money to satisfy the asserted liability, and, if but for the contest of the asserted liability, a deduction is otherwise allowed with regard to the asserted liability, the deduction is allowed for the taxable year of the transfer. In conjunction with this provision, section 1.461-2(a)(3), Income Tax Regs., provides in pertinent part that the refund of a contested amount is includable in gross income for the taxable year of receipt, or for an earlier taxable year if properly accruable for such earlier year. Although Menards relies on the regulation for the

proposition that there should be no adjustment to the deduction for hospital tax that it claimed in 1998, Menards fails to elaborate on what it considers the "year of receipt" for purpose of including the "refund" in its income. Menards cites no case in which the above-referenced regulation was applied in respect of a claim for equitable recoupment, and we are not aware of any such precedent.

We conclude that section 1.461-2, Income Tax Regs., is not dispositive in the particular circumstances of this case, and we shall adopt respondent's approach for purposes of completing the computations in this matter. The effect of our holding sustaining Menards's equitable recoupment claim is that Menards will enjoy the benefit of an otherwise time-barred overpayment credit in the taxable year 1998. Considering that such relief is available to Menards only by way of the application of an equitable principle, we believe that all matters related to the overpayment credit, including the proper treatment of the previously claimed hospital tax deduction, should be resolved in a final decision for the taxable year 1998. In short, the parties will be directed to provide the Court with correct computations in accordance with respondent's position as described above.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent

not discussed above, we find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.