# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 09-60928

Lyle W. Cayce
Clerk

ESTATE OF DEANE ANDERSON, Deceased, Randall K. Whited, Executor;
RANDALL K. WHITED; DENNIS L. WHITED; ANDERSON REVOCABLE
LIVING TRUST,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeals from the Decison
of the United States Tax Court
T.C. No. 16685-06

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This appeal arises from a tax deficiency and late filing penalty assessed
against the Estate of Deane Anderson. For essentially the same reasons
assigned by the Tax Court, we AFFIRM the Tax Court's March 20, 2007 Order
dismissing, for lack of jurisdiction, the claims of the Anderson Revocable Living
Trust, and of Randall K. Whited and Dennis L. Whited, in their individual
capacities; and we AFFIRM the Tax Court's September 2, 2009, Order and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-60928

Decision granting summary judgment for the Commissioner assessing a tax deficiency and late filing penalty against the Estate of Deane Anderson.

## I.

During her lifetime, Deane Anderson established the Anderson Revocable Living Trust ("the Trust"), and named Randall K. Whited and Dennis L. Whited as beneficiaries of the Trust. When Anderson died, Randall and Dennis became trustees of the Trust, and all of Anderson's property was transferred to the Trust. Anderson's will named Randall as the executor of her estate ("the Estate"). Nine months after Anderson's death on December 30, 2001, the Estate's taxes and tax return were due. *See* 26 U.S.C. §§ 6075(a), 6151(a). Accordingly, on September 30, 2002, Randall, as executor of the Estate, paid the IRS $20,000, anticipating that the Estate would owe taxes, and requested an extension of time to file the Estate's tax return. *See id.* § 6081(a); 26 C.F.R. § 20.6081-1(a). The parties agree that the IRS automatically granted a six-month extension for the Estate to file its return, which allowed the Estate until to March 30, 2003, to file its return. *See* 26 C.F.R. § 20.6081-1(b). The Estate contends that the IRS later granted it a second extension to file its return but then revoked that extension while still allowing the Estate until September 30, 2003, to pay its taxes.[1] The Commissioner acknowledges that the Estate requested a second extension of time to file its return; however, the Commissioner contends that the IRS treated that request as a request only for an extension of time to pay its taxes, and that it granted only an extension of the time to pay until September 30, 2003. The parties agree that the Estate later

---

[1] The tax code provides different permissible extensions for the time to file returns and the time to pay taxes owed. *Compare* 26 U.S.C. § 6081(a) (for filing of return, permitting extensions of up to six months), *with id.* § 6161(a)(1), (a)(2)(B) (for payment of estate taxes, permitting extensions of up to twelve months per extension, ten years in total).

No. 09-60928

filed its tax return and submitted another payment of $1,000 in anticipation of taxes that the Estate owed. The Estate contends that it filed its return on September 29, 2003, while the Commissioner contends that the Estate's return was filed on October 6, 2003.

Along with its return, the Estate submitted a letter requesting the IRS to calculate its tax liability, which is permitted by statute.[2] Based on the information that the Estate submitted with its return, the IRS calculated the Estate's tax liability as $5,673.02, and in late 2003, issued the Estate a refund of $15,411.62, based on the $21,000 in payments that the Estate had already made plus $114.64 in interest. The IRS later audited the Estate's return and made several adjustments, which included rejecting a deduction for a "net loss during administration" of the Estate, from a $90,000 loss on a commodities trade, to which the IRS concluded that the Estate was not entitled.[3] These adjustments resulted in a net increase in the taxable estate. Accordingly, on June 2, 2006, the IRS issued a Notice of Deficiency, indicating that the Estate owed $52,946 in taxes plus a late-filing penalty of $9,655. The IRS sent copies of the Notice of Deficiency separately to Randall and to Dennis.

---

[2] *See* 26 U.S.C. § 6020(a) ("If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.").

[3] The other adjustments included a decrease in the taxable estate because the Estate had reported a bank account as worth $100,000, which was worth only $3,475, and it had reported an annuity as worth $40,078.91, which was worth only $30,510.78; the taxable estate was also increased because the Estate had not reported another bank account worth $100,000, had not reported two other accounts valued at $3,103 and $2,510, and had claimed an administrative deduction for a $9,921 loss on an annuity, to which the IRS concluded that the Estate was not entitled.

No. 09-60928

The Estate, represented by Randall as the executor; the Trust, represented by Randall as trustee; and both of the Whiteds, in their individual capacities, petitioned the Tax Court for a redetermination of the Estate's tax deficiency and late-filing penalty. They did not explicitly contend that the adjustments made in the deficiency assessment were incorrect, but instead they made a number of arguments about why the Notice was improper and why the IRS was estopped from pursuing the alleged deficiency. The Tax Court granted the IRS' motion to dismiss the cases brought by the Trust and the Whiteds individually because the court determined that "[it] ha[d] no jurisdiction over th[e] Trust, or those individuals, [the Whiteds,] in their individual capacities in this case." After some discovery, the IRS moved for summary judgment and the Estate filed a cross-motion for summary judgment. The Tax Court granted the IRS' motion, denied the Estate's cross-motion, and adjudged a deficiency in the Estate's taxes of $52,946; the court also assessed a late-filing penalty of $9,655 against the Estate. The Estate, the Trust, and the Whiteds timely appealed.

## II.

"This Court has jurisdiction to review final decisions of the Tax Court under 26 U.S.C. § 7482(a)(1)," and "applies the same standard of review to decisions of the Tax Court that it applies to district court decisions. Findings of fact are reviewed for clear error and issues of law are reviewed de novo. Clear error exists when this [C]ourt is left with the definite and firm conviction that a mistake has been made." *Terrell v. Comm'r*, 625 F.3d 254, 258 (5th Cir. 2010) (internal quotation marks, alterations, and citations omitted) (quoting *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007)).

## A.

The Tax Court dismissed the Trust and the Whiteds from the case, leaving the Estate, represented by Randall Whited as the executor, as the sole

4

petitioner. The Tax Court determined that it had no jurisdiction over the Trust or the Whiteds in their individual capacities because no notice of tax deficiency or liability had been issued to them. "The Tax Court's jurisdiction is a question of law that we review de novo." *Id.* at 259 (citing *Ferguson v. Comm'r*, 568 F.3d 498, 502 (5th Cir. 2009)).

"The Tax Court is a court of limited jurisdiction, and its jurisdiction can be exercised only to the extent authorized by Congress." 17 Charles Alan Wright et al., *Federal Practice & Procedure* § 4102, 382-84 (3d ed. 2007) (citing *Estate of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001)). "In deficiency cases," such as this, "the Tax Court's jurisdiction is limited to petitions filed by the party named in the notice of deficiency." *L.V. Castle Inv. Group, Inc. v. Comm'r*, 465 F.3d 1243, 1248 (11th Cir. 2006) (citing 26 U.S.C. § 6213(a); *Hempel v. United States*, 14 F.3d 572, 573 n.3 (11th Cir. 1994)).[4] Here, the Notice of Deficiency was addressed to "Estate of Deane Anderson, Randall K. Whited, Co-Executor"

---

[4] *See also* 26 U.S.C. § 6213(a) ("The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition."); Tax Ct. R. 60(a)(1) ("A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) or liability (in the case of a notice of liability), or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person."); *Laing v. United States*, 423 U.S. 161, 165 n.4 (1976) ("A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability."); *Van de Berg v. Comm'r*, 175 F. App'x 539, 541 (3d Cir. 2006) ("Pursuant to Tax Court Rule 60(a), a petition for redetermination of deficiency must be filed by the person against whom the Commissioner determined the deficiency, or someone lawfully authorized to act on behalf of that person."); *Hempel*, 14 F.3d at 573 n.3 ("The notice of deficiency is the taxpayer's jurisdictional ticket to the tax court." (citing *Laing*, 423 U.S. at 165 n.4)); *Sampson v. Comm'r*, 81 T.C. 614, 616 (1983) ("[N]o one who has not been served with a statutory notice of deficiency may become a party-petitioner in this Court, *Cincinnati Transit, Inc. v. Comm'r*, 55 T.C. 879 (1971), and that holding was specifically approved by the Court of Appeals for the Sixth Circuit on appeal, 455 F.2d 220 (1972)." (citing *Guarino v. Comm'r*, 67 T.C. 329, 331 (1976); *Estate of Smith v. Comm'r*, 77 T.C. 326, 329 (1981))), *aff'd* 829 F.2d 39 (6th Cir. 1987) (unpublished).

No. 09-60928

and to "Estate of Deane Anderson, Dennis L. Whited, Co-Executor." The record does not include a notice of deficiency nor of liability issued to the Anderson Revocable Living Trust, nor to Randall K. Whited or Dennis L. Whited, in their individual capacities. Accordingly, they were not proper petitioners, and the Tax Court did not err in dismissing them for lack of jurisdiction. *See Estate of Smith v. Comm'r*, 77 T.C. 326, 329 (1981).

**B.**

The Appellants concede that the Estate does not have a claim of equitable recoupment against its tax deficiency for its deduction for a $90,000 net loss from a commodities trade during the administration of the Estate. Instead, they argue obversely that because the Estate cannot claim equitable recoupment as a defense against its own tax deficiency, the Tax Court perforce must have jurisdiction over the Trust's claim for an equitable recoupment defense against the Trust's tax liability. The Appellants simply misunderstand not only the nature of the Tax Court's jurisdiction, which we have already explained, but also the doctrine of equitable recoupment. The jurisdiction of the Tax Court over a party in such a case as this, as defined by Congress, must commence by the issuance of a tax deficiency to that party. In order for the Tax Court to recognize an equitable recoupment defense for a party, it must first have jurisdiction of that party. Thus, the application of the doctrine of equitable recoupment by the Tax Court for a party depends upon the court having jurisdiction over that party, not the other way around; the court's jurisdiction is defined by statute, not by equitable doctrine.

"The doctrine of equitable recoupment is a judicially created doctrine that . . . operates as a defense that may be asserted by a taxpayer to reduce the Commissioner's timely claim of a deficiency . . . ." *Menard, Inc. v. Comm'r*, 130 T.C. 54, 62 (2008) (citing *United States v. Dalm*, 494 U.S. 596, 605 (1990); *Bull*

No. 09-60928

*v. United States*, 295 U.S. 247, 262 (1935); *O'Brien v. United States*, 766 F.2d 1038, 1049 (7th Cir. 1985); *Estate of Mueller v. Comm'r*, 101 T.C. 551, 552 (1993); *Estate of Orenstein v. Comm'r*, T.C. Memo. 2000–150 (2000).[5] "The doctrine prevents an inequitable windfall to . . . the Government that would otherwise result from the inconsistent tax treatment of a single transaction, item, or event affecting the same taxpayer or a sufficiently related taxpayer." *Id.* (citing *Dalm*, 494 U.S. at 605-06; *Mueller*, 101 T.C. at 552). "When applied for the benefit of a taxpayer, the equitable recoupment doctrine allows a taxpayer to recoup the amount of a time-barred tax overpayment by allowing the overpayment to be applied as an offset against a deficiency if certain requirements are met." *Id.* (citing *Bull,* 295 U.S. at 262; *Crop Assocs.–1986 v. Comm'r*, 113 T.C. 198, 200 (1999)). "In order to establish that equitable recoupment applies, a party must prove the following elements: (1) The overpayment . . . for which recoupment is sought by way of offset is barred by an expired period of limitation; (2) the time-barred overpayment . . . arose out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes; and (4) if the transaction, item, or taxable event involves two or more taxpayers, there is sufficient identity of interest between the taxpayers subject to the two taxes that the taxpayers should be treated as one." *Id.* at 62-63 (citing, *inter alia*, *Dalm*, 494 U.S. at 604-05); *see also Estate of Branson v. Comm'r*, 264 F.3d 904, 909-10, 915 & n.7 (9th Cir. 2001).

The Appellants' contend that in order to avoid double taxation on the same transaction, under the theory of equitable recoupment, the Trust should be

---

[5] The Government may also assert equitable recoupment, *see Menard*, 130 T.C. at 62; however, this case involves a taxpayer's claim of equitable recoupment and therefore, we discuss it only in that context.

No. 09-60928

allowed to file a new amended tax return to claim a deduction for the loss on the commodities trade and receive a refund for its overpaid taxes. However, their argument is based on their failure to understand the limited jurisdiction of the Tax Court in this case. The Tax Court had jurisdiction over the Estate and not the Trust. Therefore, to assert a defense of equitable recoupment in this case, it was the Estate—against which the Commissioner is asserting a tax deficiency—that would have had to allege and prove that defense to its own assessed tax deficiency. *See Menard*, 130 T.C. at 62 ("The doctrine of equitable recoupment . . . operates as a defense that may be asserted by a taxpayer to reduce the Commissioner's timely claim of a deficiency."). We are aware of no authority, and the Appellants cite none, that demonstrates that the Tax Court had jurisdiction over the Trust or the Whiteds in their individual capacities. Therefore, the Tax Court could not and did not exercise its jurisdiction to decide whether the Trust or the individuals not before the court theoretically were entitled to invoke an equitable recoupment defense against their own tax liabilities.

## C.

After reviewing the record, studying the briefs, and hearing oral argument we affirm the judgment of the Tax Court, essentially for the same reasons given in the Tax Court's September 2, 2009, Order and Decision.

## III.

For these reasons, we AFFIRM the Tax Court's March 20, 2007, Order, and the Tax Court's September 2, 2009, Order and Decision.