T.C. Memo. 2014-45

UNITED STATES TAX COURT

VINCENT A. WOLFINGTON AND ALICIA M. WOLFINGTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20748-11.                    Filed March 18, 2014.

Vincent A. Wolfington and Alicia M. Wolfington, pro sese.

Stephanie A. Sasarak, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge:  With respect to petitioners' Federal income tax for 2005
and 2006, the Internal Revenue Service (IRS or respondent) issued a notice of
deficiency dated June 7, 2011, determining deficiencies and additions to tax in the
following amounts:

[*2]

| Year | Deficiency | Additions to tax | | |
|------|-----------|------------------|------------------|-------------|
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2005 | $173,174 | $24,258 | $27,065 | $4,053 |
| 2006 | 210,117 | 27,771 | 30,857 | 5,385 |

As discussed more fully below, the parties have stipulated petitioners'
correct tax liability for each year; one result of that stipulation is that petitioners
now have an overpayment for 2006. The issues remaining for decision are (1)
whether petitioners are liable for additions to tax under sections 6651(a)(1),
6651(a)(2), and 6654(a) for 2005; and (2) whether petitioners may be allowed a
credit against their 2005 liability for their 2006 overpayment.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are
married, and they resided in Florida when they filed their petition with the Court.

Before the years at issue Mr. Wolfington served as CEO of Carey
International (Carey), a well-known limousine company. In 2004 he ended his

---

[1]All statutory references are to the Internal Revenue Code in effect for the
years in issue, and all Rule references are to the Tax Court Rules of Practice and
Procedure. All monetary amounts are rounded to the nearest dollar.

**[*3]** employment with Carey and was elected chairman of the World Travel & Tourism Council, a London-based trade organization.

For tax year 2004 petitioners filed an untimely joint Federal income tax return and reported a tax liability of $134,419. During 2005 and 2006 Mr. Wolfington received severance payments from Carey, which withheld Federal income tax from those payments. Mr. Wolfington's new job required extensive international travel but did not provide him the support staff to which he had grown accustomed. Mrs. Wolfington was recovering from a significant illness during 2005-06.

In 2005 petitioners sold the house in which they had lived for more than 30 years. During that 30-year period petitioners had made numerous home improvements. However, they kept no contemporaneous record of what those improvements cost.

Petitioners knew that they were required to file Federal income tax returns for 2005 and 2006, and they sought and received extensions of time to file. They nevertheless failed to file returns by the due dates as extended. As a result, the IRS prepared substitutes for returns (SFRs) for 2005 and 2006 pursuant to section 6020(b). The IRS then used the SFRs to prepare a notice of deficiency, which it

**[*4]** issued to petitioners on June 7, 2011. Petitioners timely petitioned this Court seeking redetermination of the deficiencies.

Three weeks after filing their petition, petitioners mailed to the IRS Forms 1040, U.S. Individual Income Tax Return, for 2005 and 2006. Before receiving these returns on October 4, 2011, the IRS had received no tax return or claim for refund from petitioners relating to 2005 or 2006. With this new information, the IRS determined a smaller deficiency for 2005 and an overpayment for 2006.[2] The overpayment was attributable to the fact that the amounts Carey had withheld for 2006 exceeded the revised 2006 tax liability that the IRS determined. Using the information reported on petitioners' late-filed returns, the IRS recalculated their income tax liabilities as follows:

---

[2]Petitioners objected to the use of the term "deficiency" in the stipulation of facts because the amounts shown as "deficiencies" were computed without regard to withholding credits. "Deficiency" is a term of art in this context. Section 6211(a)(1) defines "deficiency" as the correct tax for a year, minus the sum of "the amount shown as tax by the taxpayer upon his return" and "amounts previously assessed." Thus, petitioners' withholding credits for 2005 and 2006 do not enter into the computation of the relevant "deficiencies." See sec. 6211(b)(1). Had petitioners filed timely tax returns for 2005 and 2006, there would have been "amount[s] shown as tax" on those returns and the deficiencies determined in the 90-day letter would have been reduced pro tanto. As it is, petitioners did not file returns before the 90-day letter was issued, and the deficiencies determined do not reflect withholding credits.

[*5]

| Year | Deficiency | Tax Withheld | Liability/ (over- payment) | Additions to tax | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2005 | $137,433 | $64,916 | $72,517 | $16,316 | $18,129 | $2,619 |
| 2006 | 37,326 | 86,731 | (49,405) | --- | --- | --- |

The additions to tax set forth above, plus the creditability of the 2006 overpayment, are the remaining issues in dispute.

## OPINION

### I.  Burden of Proof

Respondent bears the burden of production for the additions to tax.  See sec. 7491(c).  Once respondent meets his burden of production, petitioners bear the burden of proof, including the burden of proving reasonable cause for late payment or late filing.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  A party claiming equitable recoupment bears the burden of proving that it applies.  Estate of Mueller v. Commissioner, 101 T.C. 551, 556 (1993).

### II.  Additions to Tax

#### A.  Section 6651(a)(1)--Failure To File

Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a return timely, unless the taxpayer proves that the failure was due to reason-

**[*6]** able cause and not due to willful neglect. Late filing of a return is due to reasonable cause "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. For each month or fraction thereof for which such failure continues, section 6651(a)(1) adds 5% of the tax required to be shown on such return, up to a maximum addition of 25%.

The parties stipulated that petitioners did not file a timely return for 2005, but petitioners assert that their failure was due to reasonable cause. At trial petitioners advanced two explanations for their failure to file timely: (1) they did not file a 2005 return because they thought they owed no tax, and (2) they did not file a 2005 return on time because they needed additional time to gather information about the cost basis of their home, which they sold at a gain during that year. Neither explanation suffices to demonstrate the ordinary business care and prudence the regulations require.

First, petitioners' belief that a return for 2005, if prepared, would show no payment due provides no justification for neglecting to prepare and file that return. Even if petitioners' tax liability for 2005 had been fully satisfied by withholding at the source, they would still have been required to file a return because their gross

**[*7]** income for 2005 comfortably exceeded the threshold for nonfilers.[3]  A taxpayer's mistaken belief that he or she need not file a return is not reasonable cause.  Henningsen v. Commissioner, 26 T.C. 528, 536 (1956), aff'd, 243 F.2d 954 (4th Cir. 1957); Ruggeri v. Commissioner, T.C. Memo. 2008-300, 96 T.C.M. (CCH) 511, 512 (2008).

Second, petitioners' assertion that they needed five additional years to gather information concerning the cost of their home improvements is both unconvincing and misguided.  If petitioners could not access the relevant records by the extended 2005 filing deadline, they should have filed a return to the best of their ability and later filed an amended return to correct any errors.  See Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982); Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1343 (1971), aff'd without published opinion, 496 F.2d 876 (5th Cir. 1974).  A person does not need tax expertise to recognize this common sense solution.

Petitioners' accountant credibly testified that petitioners did not have, as of April 15, 2006, all the information necessary to compute their 2005 income tax

---

[3]For 2005 married couples filing jointly were required to file a return if both taxpayers were over 65 and their combined gross income exceeded $18,400.  See sec. 6012(a)(1)(A)(iv).  Lower thresholds applied for married couples filing jointly if one or both taxpayers were under the age of 65.  See sec. 6012(a)(1)(B).

[*8] liability. He therefore secured an extension of time, until October 15, 2006, to file the 2005 return. But petitioners did not supply him with cost-basis information concerning the 2005 sale of their home until March 2011, more than five years after this sale occurred. And they did not submit a final accounting of their home improvement costs until October 2012, almost seven years after this sale occurred. No amount of international travel excuses delays of this magnitude.

Mr. Wolfington testified that his wife's illness was one of the distractions whose cumulative effect prevented petitioners from timely filing their return. While we are sympathetic to Mrs. Wolfington's illness, petitioners did not provide any evidence that her illness, alone or cumulatively, had a direct impact on petitioners' ability to file their 2005 return as required.

Petitioners' apparent indifference toward their income tax obligations was suggested by Mr. Wolfington at trial when he said: "[O]ur belief was that there'd be no tax penalty and that the gun-to-the-head deadline was not serious." We hope that experience is a good teacher. We find that petitioners lacked reasonable cause for failing to file their return timely and accordingly sustain the section 6651(a)(1) addition to tax for 2005.

**[*9]  B.     Section 6651(a)(2)--Failure To Pay**

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay the tax shown on a return timely, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  A substitute for return prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g).  For each month or fraction thereof for which a failure to pay continues, section 6651(a)(2) adds 0.5% of the tax required to be shown on such return, up to a maximum addition of 25%.

The parties agree that petitioners did not file their 2005 return timely and that the IRS prepared an SFR for 2005 that met the requirements of section 6020(b).  However, petitioners assert that their failure to pay was due to reasonable cause.  The excuses they offer for late payment are the same excuses they offered for late filing.  As discussed above, these excuses do not constitute reasonable cause.  We accordingly sustain the section 6651(a)(2) addition to tax for 2005.

**C.     Section 6654(a)--Failure To Pay Estimated Tax**

Section 6654(a) provides for an addition to tax when an individual under-pays the required estimated tax.  The estimated tax due is equal to the lesser of (i)

[*10] 90% of the tax due for that year,[4] or (ii) 100% of the tax due for the preceding year, if a taxpayer has filed a return for the preceding year.  Sec. 6654(d)(1)(B).  Tax withheld at the source is counted as a payment in determining whether the taxpayer has paid the required estimated tax.  Sec. 6654(g)(1).  Reasonable cause is not a defense to the section 6654(a) addition to tax.  Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980).

Petitioners' income tax liability for 2005 is $137,433, 90% of which equals $123,690.  Petitioners filed a 2004 return and had a 2004 income tax liability  of $134,419.  Petitioners owed estimated tax equal to the lesser of these amounts, $123,690, but they paid only $64,916 through withholding from Mr. Wolfington's wages.  We accordingly sustain the section 6654(a) addition to tax for 2005.

III.    Creditability of 2006 Overpayment

We turn next to petitioners' contention that the stipulated overpayment of $49,405 for 2006 should be credited against the deficiency and additions to tax that we have sustained for 2005.  Section 6511 outlines the various periods of

---

[4]The required annual payment is 90% of the tax shown on the return, or if no return is made, 90% of the tax for such year.  Sec. 6654(d)(1)(B)(i).  Returns submitted after the IRS has mailed a notice of deficiency for a particular year are not considered "filed" for purposes of section 6654(d)(1)(B)(i).  See Mendes v. Commissioner, 121 T.C. 308, 328 (2003).  Thus petitioners did not file a return for 2005, and the amount is based on the tax due.

[*11] limitation for filing a claim for refund of overpaid tax. In situations where (as here) a taxpayer does not file a return, he has two years from the time the tax was paid to file a refund claim. Sec. 6511(a).[5] For calendar year taxpayers, tax deducted and withheld at the source is deemed paid on April 15 of the following year. See sec. 6513(b)(1). No refund is permitted unless a claim for refund is made within the two-year period of limitation prescribed in section 6511(a).

The only tax petitioners paid for 2006 was the amount withheld from Mr. Wolfington's wages. This tax was deemed paid on April 15, 2007. See sec. 6513(b)(1). Petitioners were therefore required to make a claim for refund by April 15, 2009. Petitioners did not make a claim for refund until after this suit commenced in 2011, and they did not pay any amount of tax after the mailing of the notice of deficiency. See sec. 6512(b)(3)(A). Petitioners' claim for a refund is therefore barred by statute.

Because a credit is otherwise time barred, petitioners ask the Court to apply the doctrine of equitable recoupment to credit their 2006 overpayment against

---

[5]Section 6511(a) prescribes a longer period of limitation--three years--when a taxpayer files a return. A substitute for return is not a "return" filed by a taxpayer for purposes of section 6511. Healer v. Commissioner, 115 T.C. 316, 322 (2000). Thus the two-year, rather than three-year, period of limitation applies. Sec. 6511(a). Petitioners' claim for a refund would be untimely even if they had the benefit of the longer period of limitation.

**[\*12]** their 2005 deficiency. Equitable recoupment is an affirmative defense that allows a taxpayer to reduce the amount of a deficiency by the amount of a time-barred overpayment. Menard, Inc. v. Commissioner, 130 T.C. 54, 62 (2008). Section 6214(b) grants the Court jurisdiction to consider claims of equitable recoupment. The party raising an affirmative defense must specifically plead it, or else it is waived. See Rule 39.

Petitioners did not plead equitable recoupment in their petition, and they have not moved to amend their petition, so they have waived this defense. If petitioners had moved to amend their petition to assert this defense, we would have denied that motion. The Court should not grant leave to amend where the requesting party cannot prevail on the merits, see Estate of Lee v. Commissioner, T.C. Memo. 2009-303, 98 T.C.M. (CCH) 657, 659 (2009), and petitioners do not have a meritorious claim for equitable recoupment.

Equitable recoupment is an equitable remedy to prevent injustice "where the Government has taxed a single transaction, item, or taxable event under two incon-sistent theories." United States v. Dalm, 494 U.S. 596, 605 n.5 (1990). The party claiming the benefit of an equitable recoupment defense must prove that it applies. Menard, Inc., 130 T.C. at 62. To prevail on a claim of equitable recoupment, the taxpayer must demonstrate that: (1) the time for refund or credit of the

[*13] overpayment for which recoupment is sought has expired; (2) the time-barred overpayment arose out of the same transaction, item, or taxable event as the deficiency before the Court; and (3) the transaction, item, or taxable event has been inconsistently subjected to two taxes.  See Rothensies v. Elec. Storage Battery Co., 329 U.S. 296, 299-300 (1946); Menard, Inc., 130 T.C. at 62-63.  While the time for petitioners to request a refund has clearly expired, they have not shown that the other elements of equitable recoupment would apply.

Each tax year is the origin of a new tax liability, and each year stands on its own.  Auto. Club of Mich. v. Commissioner, 353 U.S. 180 (1957); Commissioner v. Sunnen, 333 U.S. 591, 598 (1948).  Unless there is a substantive tax nexus between two tax years, the liability and the overpayment will not be viewed as arising from the same transaction or taxable event.  See Estate of Branson v. Commissioner, 113 T.C. 6, 18 (1999) (requiring a "transactional nexus" between different tax years in an equitable recoupment case), aff'd, 264 F.3d 904 (9th Cir. 2001).  Equitable recoupment is intended to enable courts to view a single transaction as a whole, not to allow one transaction to offset another.  Elec. Storage Battery Co., 329 U.S. at 299.  Petitioners have failed to show any "transactional nexus" or other connection between their 2005 and 2006 tax years.

**[\*14]** They therefore cannot show that their 2006 overpayment arises from the same transaction as the 2005 liability.

Petitioners have likewise failed to show that any transaction has been inconsistently subjected to two taxes. See, e.g., Estate of Vitt v. United States, 706 F.2d 871, 875 (8th Cir. 1983) (same transaction subject to both a valid and an invalid estate tax); Estate of Branson, 113 T.C. at 35 (inconsistent treatment of same transaction for purposes of income and estate tax). As stated above, petitioners have not shown the requisite transactional nexus between the income tax overpayment and the income tax liability to establish that they have a single transaction. And the IRS has not sought to apply any tax "inconsistently."

The statute of limitations on refunds would be meaningless if equitable recoupment enabled taxpayers to have an income tax overpayment for any year credited against an income tax deficiency for any year. As the Supreme Court wrote in Elec. Storage Battery Co., 329 U.S. at 301:

> It probably would be all but intolerable * * * to have an income tax system under which there never would come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.

**[\*15]** The doctrine of equitable recoupment is not an invitation to ignore the statute of limitations. Even if they had properly pleaded this defense in their petition, petitioners would have no meritorious claim for equitable recoupment.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.